# MUNSEY v. WEBB, ADMINISTRATOR OF PENNINGTON.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

### No. 40. Argued November 4, 5, 1913.—Decided November 17, 1913.

Where the possibility of their occurrence is clear to the ordinarily prudent eye, one operating an elevator must guard against accidents even though they may occur in an unexpected manner. *Washington & Georgetown R. R. Co.* v. *Hickey*, 166 U. S. 521.

Where the jury may properly find that negligence to guard against a possible, although unusual, accident in an elevator was the proximate cause of the injury, the appellate court will not reverse because the negligence was merely a passive omission.

Where there is a special source of danger in operating an elevator this court will not say, against the finding of a jury, that such danger need not be constantly guarded against.

37 App. D. C. 185, affirmed.

THE facts, which involve questions of negligence in operating an elevator and questions of proximate cause of an injury sustained by a passenger therein, are stated in the opinion.

*Mr. Charles A. Douglas* and *Mr. John W. Price,* with whom *Mr. Hugh H. Obear, Mr. Wilton J. Lambert, Mr. C. K. Mount, Mr. J. Norment Powell, Mr. H. H. Shelton* and *Mr. Thos. Ruffin* were on the brief, for plaintiff in error:

The law looks to the proximate and not to the remote cause. Defendant is not liable in this case, because the negligence complained of was merely the means and not the proximate cause of the injury. The proximate cause being the unknown thing which caused deceased to fall and which, being absolutely unknown, cannot be imputed to defendant. Also the accident which happened to the deceased when apparently he was in an entirely normal

condition, alone in the car, except for the operator, and without apparent reason, but absolutely without any fault on the part of the defendant and consequent injury—was not the natural and probable consequence of the acts of negligence complained of and could not reasonably have been anticipated. by the defendant as likely to occur by reason of such negligence.

Where there is an intervening efficient cause, such intervening cause is the proximate cause of the injury, and responsible.

Where an act could not have been foreseen, nor anticipated, as the result of an act of negligence it is not actionable.

In this case the fall of the plaintiff's intestate, for which defendant was not responsible, was the intervening efficient cause.

The fall and injury of deceased without apparent cause could not have been foreseen nor reasonably anticipated. *Milwaukee &c. R. R. Co.* v. *Kellogg*, 94 U. S. 469; *Ins. Co.* v. *Tweed*, 7 Wall. 44, 52; *Ins. Co.* v. *Transportation Co.*, 12 Wall. 194, 199; *Sheffer* v. *Railroad Co.*, 105 U. S. 249; *Atchison, T. & S. F. R. Co.* v. *Calhoun*, 213 U. S. 1; 1 Cooley on Torts, 3d ed., 99; Wharton on Negligence, 134; *Cole* v. *German Savings Society*, 124 Fed. Rep. 113; *Zopfi* v. *Postal Tel. Co.*, 60 Fed. Rep. 987; *Teis* v. *Smuggler Mining Co.*, 158 Fed. Rep. 260; *Empire State Cattle Co.* v. *Atchison*, 135 Fed. Rep. 135; *Butts* v. *Railway Co.*, 110 Fed. Rep. 329; *Chicago &c. Ry. Co.* v. *Elliott*, 55 Fed. Rep. 949; *Goodlander* v. *Standard Oil Co.*, 63 Fed. Rep. 400; *Am. Bridge Co.* v. *Seeds*, 144 Fed. Rep. 609; *Little Rock &c. R. R. Co.* v. *Barry*, 84 Fed. Rep. 930; *St. Louis &c. Ry. Co.* v. *Bennett*, 69 Fed. Rep. 528.

Among the state court cases sustaining the position of plaintiff in error are *Cleghorn* v. *Thompson* (Kan.), 54 L. R. A. 402; *Stone* v. *Boston & A. R. R. Co.* (Mass.), 51 N. E. Rep. 1; *Huber* v. *La Crosse Ry. Co.* (Wis.), 31

L. R. A. 583; *Herr* v. *City of Lebanon,* 149 Pa. St. 222; *Loftus* v. *Dehail,* 133 California, 214; *Hoge* v. *Lake Shore &c. R. R. Co.,* 85 Pa. St. 293; *Board of Trade* v. *Cralle* (Va.), 22 L. R. A. (N. S.) 297; *Mahany Township* v. *Watson,* 116 Pa. St. 344; *Texas Pac. Ry. Co.* v. *Beckworth* (Texas), 32 S. W. Rep. 347; *Schaeffer* v. *Jackson* (Pa.), 24 Atl. Rep. 629; *Galveston &c. R. R. Co.* v. *Chambers,* 73 Texas, 296; *Nelson* v. *Lighting Co.* (R. I.), 67 L. R. A. 116; *Railroad Company* v. *Trich,* 117 Pa. St. 390; *Atchison &c. R. R. Co.* v. *Dickens,* 103 S. W. Rep. 750; *McClain* v. *Garden Grove,* 83 Iowa, 254; *Hunter* v. *Wanamaker* (Pa.), 2 Cent. Rep. 70; *Hershey* v. *Mill Creek Township* (Pa.), 8 Cent. Rep. 252; *McGahan* v. *Indianapolis Gas Co.,* 37 N. E. Rep. 601; *Russe* v. *Morris Bldg. Assn.,* 104 Louisiana, 438; *O'Connor* v. *Brucker* (Ga.), 43 S. E. Rep. 731; *Beall* v. *Athens,* 81 Michigan, 536; *Lewis* v. *Flint & P. M. Ry. Co.* (Mich.), 19 N. W. Rep. 744; *Claypool* v. *Wigmore* (Mass.), 71 N. E. Rep. 509; *Mo. Pac. R. Co.* v. *Columbia* (Kan.), 58 L. R. A. 399.

To the same effect are: *Reeves* v. *Wallace,* 10 Wall. 176; *Morrison* v. *Davis,* 20 Pa. St. 293; *Cuff* v. *N. & M. Y. R. Co.,* 35 N. J. L. 18; *Smith* v. *Kanawha County* (West Va.), 8 L. R. A. 82; *Moulton* v. *Sanford,* 52 Maine, 127; *Brown* v. *Wabash,* 20 Mo. App. 222; *Cornell* v. *Ches. & O. Ry. Co.* (Va.), 24 S. E. Rep. 467; *Fowlks* v. *Southern Ry. Co.* (Va.), 32 S. E. Rep. 464; *Winfree* v. *Jones* (Va.), 51 S. E. Rep. 153; *S. C.,* 1 L. R. A. (N. S.), 201.

In order to recover plaintiff must show some negligent act on the part of the defendant and, also, that the accident and injury complained of were not only the natural and probable consequence of such act claimed to be negligent, but, also, that the accident and injury were, in fact, occasioned by such act, and, in addition, that the accident and injury so suffered should have been foreseen and anticipated, and therefore guarded against, by a man of ordinary care and prudence.

This plaintiff has failed to do. *McGrell* v. *Buffalo Bldg. Co.*, 153 N. Y. 265; *Dougan* v. *Champlain Transp. Co.*, 56 N. Y. 1; *Cleveland* v. *N. J. Steamboat Co.*, 68 N. Y. 306; *Loftus* v. *Ferry Co.*, 84 N. Y. 455; *Lafflin* v. *Buffalo & S. W. R. Co.*, 106 N. Y. 136; *Frobisher* v. *Fifth Ave. Trans. Co.*, 151 N. Y. 431.

Whether defendant could reasonably have anticipated the happening of the accident must be measured by the circumstances before the accident, not afterwards. *Am. Exp. Co.* v. *Smith*, 33 Oh. St. 511; *Libby* v. *Maine Cent. R. R. Co.* (Me.), 20 L. R. A. 812; *Cornman* v. *Eastern Counties R. R. Co.*, 4 Hurlst. & N. 781; *American Assn.* v. *Talbot*, 141 Missouri, 674; *Nash. & Chatt. R. R. Co.* v. *Davis*, 6 Heisk. 261; Cooley on Torts, 15; *McGrell* v. *Buffalo Co.*, 153 N. Y. 265; *Empire State Cattle Co.* v. *Atchison*, 135 Fed. Rep. 135; *Smith* v. *Western Ry. Co.*, 91 Alabama, 455.

The cases relied on by defendant in error, such as *Patton* v. *Southern Ry. Co.*, 82 Fed. Rep. 980; *Hayes* v. *Michigan Central*, 111 U. S. 228; *McDowell* v. *Toledo Ry. Co.*, 74 Fed. Rep. 104; *Choctaw Ry.* v. *Holloway*, 191 U. S. 334, are not in conflict with the doctrine of anticipation, and are not applicable to this case. While the question, What is the proximate cause? is ordinarily for the jury, where the whole evidence offers no substantial dispute on material points, and is of such conclusive character that the court in an exercise of sound judicial discretion would be compelled to set a verdict aside returned in opposition to it, it is not only the province but the duty of the court to direct a verdict. *Guenther* v. *Met. R. R. Co.*, 23 App. D. C. 493; *Teis* v. *Smuggler Mining Co.*, 158 Fed. Rep. 260.

In this case there was nothing to be submitted to the jury for determination. Under the undisputed facts of the case the court should have directed a verdict for the defendant. *Sheffer* v. *Railroad Co.*, 105 U. S. 249; *Rail-*

*road Co.* v. *Elliott*, 55 Fed. Rep. 949; *Empire State Cattle Co.* v. *Atchison*, 135 Fed. Rep. 135; *Butts* v. *Railroad Co.*, 110 Fed. Rep. 329; *Goodlander* v. *Standard Oil Co.*, 63 Fed. Rep. 400; *Cole* v. *German Savings Ass'n*, 124 Fed. Rep. 113; *Cleghorn* v. *Thompson* (Kan.), 54 L. R. A. 402; *Stone* v. *Boston & Albany* (Mass.), 41 L. R. A. 794; *Huber* v. *LaCrosse Ry.* (Wis.), 31 L. R. A. 583; *Nelson* v. *Lighting Co.* (R. I.), 67 L. R. A. 116; *Hoag* v. *Lake Shore Ry.*, 85 Pa. St. 293; *Railroad Co.* v. *Trich*, 117 Pa. St. 390; *McClain* v. *Garden Grove*, 83 Iowa, 235; *McGrell* v. *Buffalo Bldg. Co.*, 153 N. Y. 165.

Under the particular circumstances of the case the car was stopped in as short a distance as possible, and a jury could not have found the facts to be otherwise. Even if any act of omission of defendant relied upon by plaintiff was negligence, it was not the proximate cause of the injury.

*Mr. Arthur Peter*, with whom *Mr. Preston B. Ray* and *Mr. Julian W. Whiting* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought against the owner of a building for causing the death of the plaintiff's intestate in an elevator in which the deceased was being carried to his place of employment. Negligent construction and negligent management of the elevator are alleged. The plaintiff had a verdict against a request by the defendant that one be directed for him, the judgment was affirmed by the Court of Appeals, 37 App. D. C. 185, and the defendant brought the case here.

The elevator car did not quite fill the well, or shaft, and the bottom of the floor that it was approaching projected at right angles into the well about three and one-half inches. The car was equipped with a collapsible door,

which was open at the time of the accident and the boy in charge did not have his arm across the space as he had been instructed to do. Between the fourth and fifth floors the deceased fell and his head was caught between the projecting bottom of the fifth floor and the floor of the car and was crushed. The negligence relied upon is the leaving of the door open and failure to guard the space; the not having a flange or piece of metal inclining from the projecting floor to the shaft wall, and the failure to use an emergency switch, the quickest means of stopping the car, the boy in charge not having been instructed in the use of it.

The plaintiff in error argued at some length that there was no negligence, because the fall of the deceased was something wholly out of the ordinary course and not to be foreseen; or that, if there was negligence in any sense, it was not the proximate cause of the death but merely a passive condition made harmful by the fall. Neither argument can be maintained. It is true that it was not to be anticipated specifically that a man should drop from internal causes into the open door of the car. But the possibility and the danger that in some way one in the car should get some part of his person outside the car while it was in motion was obvious and was shown to have been anticipated by the door being there. In some circumstances at least it was a danger that ought to be and was guarded against. It is said that the danger was manifest only when the car was crowded, and that the door was needed only for that. If the duty to have the car shut on all sides had been created with reference only to conditions different in kind from those of the accident it may be that the plaintiff could not avail himself of a requirement imposed *alio intuitu*. *Eugene F. Moran*, 212 U. S. 466, 476. But the accident was similar in kind to those against which the door was provided, and we are not prepared to say, contrary to the finding of the jury, that

the duty to keep it shut or to guard the space with the arm did not exist in favor of all travellers in an elevator having the structure that we have described. It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye. *Washington & Georgetown R. R. Co.* v. *Hickey,* 166 U. S. 521, 526, 527.

If there was negligence it very properly could be found to have been the proximate cause of the death. See *Milwaukee & St. Paul Ry. Co.* v. *Kellogg,* 94 U. S. 469. Even if it were true that the neglect was merely a passive omission, the deceased was invited into the elevator and the principle of the trap cases would apply. *Corby* v. *Hill,* 4 C. B. (N. S.) 556, 563. *Sweeney* v. *Old Colony & Newport R. R. Co.,* 10 Allen, 368, 374. But that is not the case. The defendant is sued for having crushed the head of the deceased by forces that he put in motion. He replies that it would not have happened but for the unforeseen fall of the deceased without the defendant's fault, and to this the plaintiff rejoins and the jury has found that the defendant was bound to take the easy precaution which he had provided against any and all ways by which a passenger's body could get outside the car while it was going up. *Hayes* v. *Michigan Central R. R. Co.,* 111 U. S. 228, 241. *Choctaw, Oklahoma & Gulf R. R. Co.* v. *Holloway,* 191 U. S. 334, 339. The whole question comes down to whether we are prepared to say as matter of law against the finding of the jury that, in an elevator constructed as this was with a special source of danger in the shaft outside the car, to require the defendant to guard the door space *in transitu,* at his peril, is too strict a rule. We cannot go so far. *McDonald* v. *Toledo Consol. S. Ry. Co.,* 74 Fed. Rep. 104, 109.

There was perhaps evidence sufficient to warrant a finding that there was negligence in not stopping the car

after the fall and before the harm was done, and a finding on that ground would not open the questions that have been discussed; but we have preferred to deal with the case on the matters principally argued, as they seem to offer the most obvious reasons for the verdict, and therefore have assumed that the jury found the facts and standard of conduct to be as we have supposed.

*Judgment affirmed.*