KENNEDY v. E. H. SCOTT TRANSP.
CO., Inc.

No. 427.

Circuit Court of Appeals, Second Circuit.
July 18, 1932.

SWAN, Circuit Judge. dissenting.

Love & Keating, of Buffalo, N. Y., for appellant.

White & Rugg, of Buffalo, N. Y. (J. Lester Kinney, of Buffalo, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above.)

That the driver of the defendant's truck knew there had been an accident and that the road was partially blocked is not disputed. Nor is there any question but that he could with care have driven past the rear of the bus had no sagging wire been in the way. Nor would he have, in all probability, seen the wire as he approached unless his attention had been especially called to it. So much may be considered established in fact and also that the truck hit the wire and pulled the pole over against the plaintiff to cause the in-

juries he received. The speed of the truck is in dispute. Not, however, is the fact that the plaintiff and the other man waved to it as it approached and pointed to the wire. It is undisputed that they did also shout warnings to stop, but that the truck driver did not hear them is probable, and his testimony to that effect was not contradicted.

Upon the evidence it was reasonably possible for the jury to find that the truck did not slacken its speed as it approached the coach and that it came on at twenty miles an hour. Since the truck stopped quickly after striking the wire, its previous speed would appear to have little effect upon what happened, and so the judge charged the jury, but it cannot be entirely ignored, for it was one of the attendant circumstances, and was to be considered in determining whether the truck driver should have understood that he was being warned of the presence of the low wire. That is the decisive question here, and we think it was properly left to the jury. What a careful driver of that truck should have understood from the conduct of the two men he saw as he testified "waving their hands," and what he should have done as a prudent man under the circumstances, was peculiarly a jury question. It was a difficult one to be sure. He may well have thought they were simply signaling him to stop because they wanted help and have decided to pull by the coach before stopping. On the other hand, the jury may have thought that he should have known they were pointing to the low wire and that due care required him to stop to ascertain the cause of their pointing to something overhead before he tried to pull by the coach. He knew he would encounter abnormal conditions when he came to the coach, and it was within the province of the jury to say that he was careless when he drove right on without doing anything to find out what those conditions were more than he could learn from what he could see without stopping to look and to hear what the men were trying to tell him. The very fact that reasonable men might differ on the evidence as to whether the truck driver was negligent or not made that a question for the jury. Whether the negligence of the truck driver was the proximate cause of the plaintiff's injury was also for the jury. Munsey v. Webb, 231 U. S. 150, 34 S. Ct. 44, 58 L. Ed. 162; Washington & Georgetown R. R. Co. et al. v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. Ed. 1101.

**Judgment affirmed.**

SWAN, Circuit Judge (dissenting).

To establish defendant's liability, plaintiff's evidence must show that the truck driver, McArthur, owed plaintiff a duty not to do the act which caused the damage—in this case, the duty not to proceed to a point where his truck struck the wire. As Cardozo, J., said in Palsgraf v. L. I. R. R. Co., 248 N. Y. 341, 344, 162 N. E. 99, 100, 59 A. L. R. 1253: "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." Unless the truck driver should have seen the sagging wire, there was no apparent risk of injuring any one by proceeding past the end of the bus before stopping to help pull it onto the road. There is no duty to stop when a man flags an automobile driver unless some danger from continuing on is apparent. Bush v. Goodno, 233 App. Div. 152, 251 N. Y. S. 271, affirmed by New York Court of Appeals, 182 N. E. 171, April 26, 1932. The trial judge charged that McArthur probably did not see the wire, for it was night and the wire was above his cab; he also charged that he was under no duty to look out for overhead wires, and that, "when he started to go past the bus, he had no reason to know what kind of danger, if any, he was running into." If he had no reason to know that he was running into a position dangerous to the plaintiff, clearly he was not under any duty to the plaintiff to stop his progress. The only thing which could possibly warn him of any danger was the signals and shouts of plaintiff and Gottschalk. The shouts of "low wire" he could not hear because of the noise of his own truck. The signals meant to him that the men wanted help in getting the bus back on the road. It is a harsh doctrine to let the jury say he should have understood them as indicating a sagging wire which he could not see. But, even if we assume that he should have so understood them, he owed the plaintiff no duty to avoid hitting the wire unless a reasonably prudent driver would have apprehended that hitting it would endanger the plaintiff. There was nothing to create such an apprehension in McArthur's mind. Neither the plaintiff himself nor Gottschalk foresaw any danger to the plaintiff.

This was an unfortunate accident, and the immediate cause of it was defendant's truck, but I fail to see any breach of duty to the plaintiff in having the truck where it came into contact with the wire. Moved by very natural sympathy, the jury has cast the burden

of plaintiff's misfortune upon a defendant innocent of fault. In my opinion, defendant's motion for a directed verdict should have been granted.