STANOLIND OIL & GAS CO. v. BROWN.
No. 6510.

Circuit Court of Appeals, Fifth Circuit.
Dec. 21, 1932.

Rehearing Denied Jan. 19, 1933.

---

Carlton R. Winn, of Dallas, Tex., for appellant.

R. N. Grisham, of Eastland, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The Stanolind Oil & Gas Company appeals from a judgment obtained against it in an action to recover damages for negligently causing the death of Lillie Brown, who was fatally injured in an explosion of gas. One of the grounds of negligence alleged was that gas was permitted to escape from appellant's gas pipe line. The action was defended on the ground that the gas which was exploded did not come from the pipe line, but, if it did, that the alleged negligence was not the proximate cause of the injury complained of. At the close of the evidence, the trial court refused to direct a verdict for appellant, and this refusal is made the basis of the assignments of error.

The explosion in which Miss Brown lost her life occurred in an underground cellar which was detached from her mother's dwelling house, in which she lived. The door to the cellar was above ground, but fitted so loosely that even when it was closed gas could enter under it and find its way into the cellar. On June 26, 1931, at about 8:30 p. m., Miss Brown entered the cellar and struck a match; and gas which had collected there immediately exploded. Mrs. Brown's home faced to the south; and an old road which had been worn to a ditch 10 feet or more in width extended from the southeast corner of her property in a southeasterly direction. In that direction, about 140 yards away, appellant's pipe line crossed the ditch, and on the north bank it had placed a drip or opening in the pipe line for the purposes of letting out water, in order that there might be a freer flow of gas, and, in cold weather, of drawing off raw gasoline and placing it in a container. As there was not much gasoline to be had during warm weather, because of a lack of condensation, appellant was using the drip just prior to the accident only to let out the water. It had so arranged the drip that it could be locked, but for some time trespassers had been breaking the locks and drawing off gasoline. Appellant knew that its gasoline was being taken in this way, and had posted warnings and offered rewards for the apprehension of the trespassers. On June 25, the day before the accident, about 10 a. m., one of appellant's employees discovered that the lock was broken, and reported that fact to the superintendent, but another lock was not placed on the drip until after the accident, and there was testimony from which it was fairly inferable that gas continued to escape from the opening in appellant's pipe line. If the drip was left open after gasoline ceased to flow, gas would escape. At the southeast corner of the Brown home a road crossed the ditch and had worn down its banks. The drip was on higher ground than the Brown home was, and prior to the accident complaint had been made that the water which appellant turned into the ditch found its way down it and onto the Brown premises. All the day of the accident the wind was from the southeast, and was carrying such gas as came out of the unlocked drip to the pipe line down the ditch and onto the Brown premises. Another pipe line, which furnished stripped or refined gas to those premises, had two small leaks in it at points where it passed near the cellar, but those leaks were close to the surface of the ground, and the cellar was protected from them below the surface by a wall constructed of stone and concrete. Besides, an expert witness for appellee testified that refined gas being lighter than air would ascend, whereas raw gas being impregnated with gasoline and therefore heavier than air would seek the lowest level, and that upon measurement he found the leaks to be so small that it would take nearly two months for the leakage from them to supply enough gas to the cellar to produce an explosive mixture. Under this evidence it was for the jury to say whether it was appellant's gas that ignited. It cannot be said that the verdict was speculative on the ground that appellee was unable to show which one of two possible causes produced the injury.

It was not error to deny appellant's request for a peremptory instruction, unless as it asserts the negligence attributed to it was not the proximate cause of the injury. It is argued that such negligence was not the proximate cause, because the injury that resulted could not have been foreseen or anticipated, and that the taking of gasoline by trespassers constituted an intervening efficient cause. It is well settled that, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury

was a natural and proximate consequence of the wrongful act or omission, and that the danger of injury, but not of any particular injury, ought to have been foreseen in the light of the attending circumstances. Milwaukee Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Scheffer v. Washington City, V. M. & G. S. R. R. Co., 105 U. S. 249, 26 L. Ed. 1070; Atchison, etc., Ry. Co. v. Calhoun, 213 U. S. 1, 29 S. Ct. 321, 53 L. Ed. 671. It was not necessary to prove that appellant could have foreseen or anticipated that the gas would drift into the cellar and there be ignited by the striking of a match. It was enough to prove that appellant ought reasonably to have known that the gas would drift upon the Brown premises and cause injury. Washington R. R. Co. v. Hickey, 166 U. S. 521, 17 S. Ct. 661, 41 L. Ed. 1101; Munsey v. Webb, 231 U. S. 150, 34 S. Ct. 44, 58 L. Ed. 162. The circumstances that the ditch ran directly from the drip to the premises on which the injury occurred, that water had run down onto the Brown premises, that gas would be carried by a favorable wind along the same route, were sufficient to authorize the jury to find that there was danger that the injury complained of, or some similar injury, would occur. In our opinion it ought not to be held that the acts of trespassers, who opened the pipe line and permitted gas to escape, constituted an intervening proximate cause, and thus relieved appellant from liability. Appellant admittedly knew of the trespasses, and also knew on the day before the accident that the lock was broken, and that in drawing off gasoline the trespassers probably would leave the drip open indefinitely or at least long enough for gas in sufficient quantity to do damage to escape. Appellant, with knowledge that the drip was unlocked and liable to cause damage, left it in that condition beyond the time reasonably necessary to make repairs, and was therefore negligent. The negligence of the trespassers, at the time appellant acquired that knowledge, was a thing of the past, and appellant became liable for not correcting before the accident a dangerous condition which it knew existed. 22 R. C. L. 132; Sherman & Redfield on Negligence (6th Ed.) §§ 31, 32; Lane v. Atlantic Works, 111 Mass. 136; Godbey v. Grinnell Electric & Heating Co., 190 Iowa, 1068, 181 N. W. 498; St. Louis, etc., Ry. Co. v. Mills (C. C. A.) 3 F.(2d) 882. Our conclusion is that the question whether appellant's negligence was the proximate cause of the injury sustained was one for the jury to determine.

The judgment is affirmed.

FOSTER, Circuit Judge (dissenting).

The rule is clearly stated in Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256, as follows: "It must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

There is no dispute as to the facts. Conceding that the accident was caused by an explosion of gas escaping from a drip pipe belonging to appellant, it is undisputed that this drip pipe was on appellant's premises. It was closed by a gate valve, and no oil or gas could escape unless the valve was left open. For the purpose of preventing the stealing of gasoline, the valve was protected by a cap which was locked. Only one day before the accident appellant discovered that the lock on the valve was broken. However, the breaking of the lock did not cause the gas to leak out of the drip pipe. While another lock was not placed on the drip pipe until after the accident, it does not seem to me that there was any unreasonable delay in replacing the lock amounting to negligence, particularly as the drip pipe was perfectly safe unless the valve was tampered with and left open. It cannot be said that the accident resulted from any negligence in failing to more promptly replace the lock. Furthermore, appellant was under no duty to the public to lock its valves. In order to impress appellant with negligence, it is necessary to hold that it should have anticipated that, because the lock was broken, a trespasser, not necessarily the one who broke the lock, would come to steal gasoline and leave the valve dripping; that later on the wind would blow from the south; that the gas would be so wet as to be heavier than air, not always its condition; that it would traverse the sunken road instead of going elsewhere; that it would seep into the storm cellar; and that someone would enter the storm cellar with an open light. To my mind this is entirely too fantastic a chain of circumstances to be anticipated by any reasonable person. It would be useless to attempt to review all the authorities, as the decision in each case necessarily depends upon its own peculiar circumstances. However, in the case of Jennings v. Davis, 187 F. 703, in which the facts were somewhat similar to those in the case at bar, in a well-considered opinion, the Court of Appeals for the Fourth Circuit reached a conclusion different to that of the majority in this case. That case well illustrates the application of the rule to a

combination of unusual circumstances such as here disclosed.

I think appellant was entitled to the general affirmative charge, and I therefore respectfully dissent.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.