## MASSEY–HARRIS CO. v. GILL.
### No. 725.

Circuit Court of Appeals, Tenth Circuit.
March 30, 1933.

Robert Burns, Paul N. Lindsey, and Owen & Looney, all of Oklahoma City, Okl., for appellant.

Claude Nowlin, of Oklahoma City, Okl. (John R. Guyer and Nowlin, Spielman & Thomas, all of Oklahoma City, Okl., on the brief), for appellee.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

The Massey-Harris Company appeals from a judgment in favor of George A. Gill, in a suit he brought to recover damages sustained when a tractor owned by the company ran upon and injured him.

It was specified in the petition that the defendant, a manufacturer of farm machinery, was demonstrating its tractors during a tractor show at Wichita, Kan., to a large number of persons, including the plaintiff; that the defendant left one of the tractors in gear and unguarded, and some one, either an employee of the company or a bystander, pressed the starter button, which caused it to run into and upon the plaintiff and produce the injuries.

At the close of the evidence, the plaintiff was allowed to amend his petition to conform to the proof by alleging that the tractor was left standing in the street, with a rear wheel upon a block of wood, facing defendant's warehouse; that two employees were left to guard the tractor; that an employee of the company set the motor running, and that the danger of its being started by some one pulling the levers was fully realized by defendant; that the defendant knew and appreciat-

ed the danger; that the employees failed to take any care or caution against the starting of the tractor, and by their negligence it moved forward, ran over the sidewalk and into the building, where plaintiff was struck and injured. The defense was a denial of negligence, and further that the injury, if any, was due to plaintiff's contributory negligence.

The case was tried to a jury. The defendant interposed a motion to direct a verdict in its favor, and assigns as errors the denial of that motion and the rendition of judgment.

The theory of the defendant was that, in order to recover, the plaintiff was required to show the tractor was a dangerous instrumentality, as he failed to show that any of defendant's employees started the tractor in motion and thereby caused the injury to the plaintiff. Many authorities are cited to show a motor vehicle is not a dangerous instrumentality, among them a case decided by this court. Woody v. Utah Power & Light Co., 54 F.(2d) 220. It is more accurate to say that a motor vehicle is not inherently, but only potentially, such an instrumentality. District of Columbia v. Colts, 282 U. S. 63, 51 S. Ct. 52, 75 L. Ed. 177. But we find the question quite unnecessary and unimportant in this case, as the evidence shows the defendant left the tractor in the control of its employees, and their acts, attributable to the defendant, showed a want of ordinary precaution to avert the injury.

The demonstration was put on to a crowd of invitees. The defendant's employees Straight and Turner were left in charge of the tractor. Straight placed it in position with a rear wheel on a block of wood. Hampton, one of defendant's service men, started the motor, left it unattended, and faced away from it when it moved. Straight testified that any person in the crowd behind the tractor could have taken hold of the levers and started the tractor; that he did not watch that crowd, knew the engine was in motion, and by starting might injure bystanders; that he realized it would be very dangerous to let the tractor run through the crowd; that it was his duty to prevent that, and he had been guarding it, and particularly at the rear of the machine, but his attention was diverted by a man who spoke to him, and he turned his back to the machine.

Turner, another of defendant's service men, testified he saw Hampton start the motor; that the starter button had been pressed shortly before the tractor started and ran across the sidewalk into the building; that any person at the back of the tractor could easily reach and handle the gears; that he was talking to a customer when it started; that, as he saw Hampton, a competent man, was in charge, he paid no further attention to it. Hampton also testified the tractor had a self-starting device, starting the motor on the battery by pressing the button, and, when the tractor started moving, it automatically transferred to magneto. He stated that he relied on Straight and Turner to see that nothing happened to start the tractor into the crowd. The plaintiff was an invited guest, and was in the act of shaking hands with some representative of the defendant when the tractor ran upon him.

We think that the demonstration of the tractor called for the performance of a duty on defendant's part to guard against injury to those assembled about it, and that, if the omission of that duty resulted in the plaintiff's injury, it was a case of actionable negligence. Chicago, R. I. & P. R. Co. v. Duran, 38 Okl. 719, 134 P. 876; Coast S. S. Co. v. Brady (C. C. A.) 8 F.(2d) 16. The defendant appreciated the danger by placing its agents as guards over the tractor. But they were remiss in the exercise of their duties, and permitted their attention to be diverted, when the tractor was caused by some one to run to the place of injury. The defendant was responsible for their omission of duty. The jury was well justified in finding there was negligence on their part, and this was the proximate cause of the accident. There was no evidence of contributory negligence on plaintiff's part.

The trial court properly charged the jury that, in order for the plaintiff to recover, it must find that defendant's negligence was the proximate cause of plaintiff's injuries, that they were the natural and probable result, and that they ought to have been foreseen by the defendant in the exercise of the care a reasonable and prudent man would exercise, in the light of all the surrounding circumstances. Stanolind Oil & Gas Co. v. Brown (C. C. A.) 62 F.(2d) 398; Milwaukee & St. P. R. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Scheffer v. Washington City, V. M. & G. S. R. Co., 105 U. S. 249, 26 L. Ed. 1070; Snider v. Sand Springs Ry. Co. (C. C. A.) 62 F.(2d) 635.

The case was one for the jury. The defendant was not entitled to a peremptory instruction. Finding no error in the record, the judgment in this case is affirmed.