**DULANEY INV. CO. v. WOOD.**

No. 14087.

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1940.

Rehearing Denied July 12, 1940.

Buck & Knapp and John Snyder, all of Fort Worth, for appellant.

Houtchens & Houtchens, Lloyd H. Burns, and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

Appellee brought suit against appellant to recover damages for alleged personal injuries sustained while a passenger in appellant's elevator, which is used in connection with appellant's office building—a building in which offices are rented to tenants by the appellant.

The grounds of negligence relied upon are reflected in the special issues submitted, as well as are the special defenses. The material findings are: (1) that defendant's employee in charge of the elevator failed to exercise ordinary care to see that plaintiff was away from the elevator door before he started the elevator, (2) that this act was negligence, and (3) a proximate cause of the injuries sustained by plaintiff, (4) that the failure of defendant to provide a door on the elevator cage was negligence, and (5) a proximate cause of plaintiff's injuries, (6) that the operator failed to give the plaintiff sufficient time to get his balance and footing before he started the elevator, (7) this was negligence, and (8) a proximate cause of plaintiff's injuries, (9) that the operator failed to warn plaintiff to stand back from the entrance to the elevator door before starting the elevator, (10) that such act was negligence, and (11) a proximate cause of plaintiff's injuries, (12) that the failure of the defendant to have some character of guard across the entrance of the cage was negligence, and (13) a proximate cause of plaintiff's injuries, (14) that it was not an unavoidable accident, (15) that plaintiff was injured on the occasion in question and (16) his damages set at $7,500; the jury, on the defensive issues, found, (1) that plaintiff did not fail to keep a proper lookout for

his own safety immediately after entering the elevator, (2) that he did not fail to stand back from the extreme front end of the elevator, when there was sufficient space to the sides and rear for him to have assumed a safer position, (3) that he did not attempt to turn or move about while the elevator was in motion, (4) that the operator did not warn plaintiff to stand back from the entrance prior to the time he put the elevator in motion, (5) that plaintiff did not fail to keep every portion of his body from extending beyond the west side of the elevator on the occasion in question, (6) that plaintiff did not fail to keep every portion of his arm from extending beyond the west side of the elevator on the occasion in question, (7) that plaintiff did not lose his balance by reason of being jostled by another passenger or passengers.

The proof shows that plaintiff's right arm at or about the elbow was struck by the floor on which he boarded the elevator, or on the floor next below, as the elevator descended.

Judgment was rendered for plaintiff, and the defendant has appealed, presenting twenty-four propositions as germane to certain assignments of error.

The first eight propositions are grouped because of their kinship and will be considered together. The first asserts that the evidence adduced raised no issue of negligence on the part of the defendant, and the trial court erred in refusing to grant defendant's motion for an instructed verdict; the second is a restatement of the first; the third asserts that the trial court erred in entering judgment for plaintiff based on the jury's answer to issue No. 3 (a finding that appellant failed to exercise ordinary care to see that appellee was away from the door before the elevator was started), because the undisputed evidence shows that the elevator was not started until appellee had taken a safe and secure position, several inches from the front of the elevator and the subsequent blow received by appellee was caused solely by his negligent conduct in extending his arm out into the elevator shaft; the fourth asserts that the trial court erred in rendering judgment for appellee based on the answer to issue No. 6 (a finding on the failure of appellant to provide a door on the entrance to the elevator), because as a matter of law such failure could not constitute negligence, and the undisputed evidence shows that the sole cause of appellee's injury was his negligent conduct in extending his arm out into the elevator shaft while it was in motion; the fifth asserts that the trial court erred in rendering judgment for appellee based on the answer to issue No. 8 (a finding that the operator failed to give appellee sufficient time in which to get his balance and footing in the elevator before starting same), because the only testimony shows that appellee had taken a firm and secure position with his back to the north wall of the elevator and several inches from the front of the elevator before it was started, and the undisputed evidence shows that the sole cause was appellee's act and conduct as outlined in the preceding propositions; the sixth asserts that the court erred in rendering judgment for appellee based on the answer to issue No. 11 (a finding that the edge of the fourth and fifth floors of the building extend beyond the collapsible doors of the elevator shaft in such a manner that the edges of the floors are in close proximity to the doorway of the elevator cage), because as a matter of law such construction is the only method of construction of a building with like elevators, and is a proper method of construction, and the undisputed evidence shows that appellee was injured through his own negligent acts and conduct, as stated in the preceding propositions; the seventh asserts that the court erred in rendering judgment for appellee based on the answer to issue No. 14 (a finding that the operator failed to warn appellee to stand back from the entrance before the elevator was put in motion), because there is no testimony showing any necessity for so warning appellee, in that he was in a safe position, being several inches from the front of the elevator, but for his said negligent acts and conduct; the eighth asserts that the court erred in rendering judgment for appellee based on the answer to issue No. 17 (a finding that appellant was negligent in failing to have some character of guard across the entrance to the elevator), because as a matter of law such construction could not constitute negligence, and the undisputed evidence shows that appellee was injured through his own negligent acts and conduct, as stated in the preceding propositions.

We see no merit in these propositions.

The plaintiff below brings his suit on the theory that the failure of the appellant to maintain a door or some guard across the entrance to the elevator is negligence because that brings about a dangerous condition to which passengers in the elevator are exposed, and he further contends that the elevator was started by the operator before plaintiff could take his place in the elevator and secure a footing. We take this last allegation to mean that plaintiff sustained the blow to his elbow, or arm, before he could go far enough into the elevator to get to a place of safety.

It was admitted that elevators constructed with doors to the cage, or with guards, afford greater protection than those with no doors, or guards; and that the more modern construction is with doors, or guards. That there are now in use about fifty per cent of each kind.

Plaintiff testified that he had just stepped into the elevator when it started down and his elbow was struck by the edge of the floor from which he stepped; that the accident occurred immediately after he took one step and turned slightly.

We are of opinion that whether or not the operation of the elevator without a door or guard constituted negligence was an issue for the jury.

In Farmers & Mechanics National Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, 1124, Ann.Cas.1914B, 368, in speaking of the duty owed by the owners of passenger elevators to their passengers, the Supreme Court says: "Nevertheless, with reference to the safety of their passengers, the law has imposed upon the proprietors of passenger elevators duties precisely similar to those exacted of passenger carriers by railroad. The safety and lives of those who avail themselves of this means of carriage must of necessity be intrusted in great measure to the care of those who control and operate the cars. The law therefore justly holds that, while the owners of passenger elevators are not insurers of the safety of their passengers, they are bound to exercise in their behalf the highest degree of skill and foresight, or, as some courts have expressed it, the utmost human care and foresight consistent with the efficient use and operation of the means of conveyance employed."

This seems to be the last expression by our Supreme Court on the subject discussed.

We find where the Court of Civil Appeals for the Fourth District said, in City National Bank v. Pigott, 270 S.W. 234, 236: "The elevator operator is required to exercise the highest degree of care to so operate his vehicle as not to injure those lawfully upon or lawfully entering or leaving it."

The testimony is conflicting and appellee's testimony raises the several issues of fact that were submitted to the jury.

The trial court was not authorized, in the light of the record, to instruct the jury to find for the defendant, and the findings made by the jury having support in the evidence, we overrule the first eight propositions and the assignments of error to which they are germane.

If we concede that proposition No. 6 is well taken, in that the construction of the floors at the elevator shaft could not be made the basis of an issue of negligence, there is no merit in the contention because the trial court had other material findings of the jury which support the judgment.

Munsey v. Webb, Adm'r, 231 U.S. 150, 34 S.Ct. 44, 58 L.Ed. 162, supports our conclusions.

The ninth proposition contends that the trial court erred in refusing to give the defendant a peremptory instruction because the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law.

We do not so construe the evidence and the jury has found in answer to each issue predicated upon contributory negligence that the plaintiff was guilty of none such.

The tenth proposition contends that the jury was guilty of misconduct in that they considered the effect of their answers to the issues submitted and improperly entered into an agreement to and made answers to these issues to give a verdict for the plaintiff.

Eleven of the jurors were questioned and the trial court heard their statements. They denied that any such agreement was had. The trial court believed them and overruled the motion for a new trial.

We cannot, in the light of this record, go back of the trial court's finding.

■ The eleventh proposition contends that the trial court erred in defining "new and independent cause" as "the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury", because this constituted a comment of the court on the weight of the evidence in that it constituted an indication by the court to the jury that defendant did commit a negligent act or omission, which was a disputed issue of fact in the case.

As we view this record (which we have had under consideration for some time), there was no necessity for incorporating the term "new and independent cause" in the court's charge, but the defendant had pleaded that some other passenger on the elevator had jostled the plaintiff and brought about the accident and that this was the cause of the accident.

The trial court submitted this issue to the jury in response to defendant's theory of the case.

We do not see error in the charge warranting a reversal. See International & G. N. Ry. Co. v. Pence, Tex.Civ.App., 113 S.W.2d 206, writ dismissed, and cases cited.

■ The twelfth proposition contends that the trial court erred in not declaring a mistrial because the jury was allowed to reconsider their answer to the issue on unavoidable accident, after indication by appellee's counsel that the answer was against his interest.

We see no error in the conduct of the court, but we do not find any evidence raising the issue of unavoidable accident, and the issue should not have been submitted.

It follows that, even though erroneous, the error would not require a reversal.

The thirteenth proposition is practically the same as the twelfth.

The fourteenth proposition contends that the trial court erred in failing and refusing to define "proximately contributed", that being a legal term used in the charge and proper objection having been made thereto.

We find that the matter arose under the following conditions: the court properly gave and defined "proximate cause" and there is no complaint of this; then the court submitted the several issues touching upon the plaintiff's acts of contributory negligence, and then required the jury, if an act of contributory negligence were found, to find whether or not such act was a proximate cause of plaintiff's injury, and then the trial court went further for the defendant and submitted next the following issue: "Do you find from a preponderance of the evidence that such negligence, if any you have found in answer to issue No. 28, proximately contributed to the injuries, if any, sustained by the plaintiff?" A similar charge was given in connection with every issue of contributory negligence until the court reached issues Nos. 40 and 41, when the court combined "proximate cause" and "proximately contributing cause" all in a single charge as follows: "Do you find from a preponderance of the evidence that such negligence, if any you have found in answer to Issue 40, was a proximate cause, or proximately contributing cause of the injuries, if any, sustained by the plaintiff?"

The charge as to issue 42 is like that just quoted.

■ First, we desire to say that we cannot imagine a cause that is a "proximately contributing cause" that is not a proximate cause, neither can we imagine a cause that is a "proximate cause" without its being a proximately contributing cause. We are of opinion that the charge is altogether tautological.

We confess that we are not able to give a definition of "proximately contributing cause". We have never seen such a definition and we decline to undertake to write one.

■ The trial court having correctly defined and submitted the issue of "proximate cause", the additional special issues and the use of these words in the other issues noted were unnecessary and superfluous. They were given for the defendant's benefit and we see no reversible error in the failure to define such term.

Furthermore, the defendant has not been injured by the charges, if there is error in the failure to so define the "term", or expression, because the jury was never called upon to consider the is-

sues, having found that the plaintiff was not guilty of any of the acts of contributory negligence and these supplemental and incidental issues were submitted to the jury conditioned upon a finding or findings of the several acts of contributory negligence.

The opinion in the case of Dixie Motor Coach Corp. v. Swanson et al., Tex.Civ. App., 41 S.W.2d 436, does not disclose that the disposition of the appeal hinged upon what is said in the opinion in the last paragraph under point 2 (found on page 439 of 41 S.W.2d), and we are of opinion that the holding does not control in the instant case. In fact, the first authority cited—Dallas Ry. Co. v. Warlick, Tex.Com.App., 285 S.W. 302,— seems to support our views. See, also, International & G. N. Ry. Co. v. Pence, Tex.Civ.App., 113 S.W.2d 206, writ dismissed, and cases cited.

We see no error in the proposition complaining of appellee's counsel's argument (No. 15).

By propositions 16, 17 and 18, it is contended that the trial court erred in refusing to permit appellant to interrogate the witnesses McNaughton, Anderson (operator of elevator) and Muse with respect to having seen any other accident occur in any of the elevators.

Such evidence is admissible in some jurisdictions, but that is not the case in Texas.

Vol. 30, Texas Juri., page 821, Sec. 144, states the rule and cites authorities.

By the nineteenth proposition it is contended that the trial court erred in refusing to exclude the testimony of appellee, on direct examination, wherein he testified that his greatest fear was paralysis, such being a conclusion of the witness and being prejudicial and inflammatory.

We know of no similar situation and have been cited none, but it appears to us that where the plaintiff has testified to a physical condition tending to show a partial loss of use of one arm and one leg, since the accident, it was not error to permit him to testify to his fear of paralysis. If that is not a part of his "mental anguish" occasioned by the injury received, then we are at a loss to understand what would constitute mental anguish.

We realize that we are pioneering in our conclusion, but we so hold.

The twentieth proposition contends that the trial court erred in refusing to permit Gieb (the engineer in charge of the elevator) to testify whether or not a speed of 600 feet per minute is fast, moderate or slow, because the witness is an expert and qualified to testify and give his conclusion, or opinion, pertinent to the issue of careful operation of the elevator.

We see no error for the following reasons: (1) the issue of excessive speed as an act of negligence was not submitted; (2) Gieb was a witness for defendant and there is no bill of exceptions showing what his answer would have been; (3) the witness did testify before he left the stand that such speed was not fast for an elevator in the kind of building in which it was installed.

Proposition twenty-one contends that the trial court erred in overruling appellant's objection to issue No. 8 because it is multifarious and duplicitous.

The issue is: "Do you find from a preponderance of the evidence that the operator of defendant's elevator failed to give plaintiff sufficient time to get his balance and footing in said elevator cage before starting the same?"

We believe that this issue, when properly analyzed, submits only one ultimate issue and that it comes within the rule laid down in 41 Tex.Juri., page 1107, and in Speer's Law of Special Issues, page 242.

The twenty-second and twenty-third propositions contend that it was error to permit the witnesses Reagan and Mrs. Wood to be interrogated with respect to complaints made to them by the plaintiff of his pain and suffering and physical condition, all this being hearsay.

We do not believe that the authorities cited in support of the propositions are controlling here. An examination of them so convinces us. Take the case of Tyler S. E. Ry. Co. v. Wheeler, Tex.Civ. App., 41 S.W. 517. This cause went to the Supreme Court when it was reversed by the Court of Civil Appeals on the very question here presented. An examination of the opinion of the Supreme Court, found in 91 Tex. 356, 43 S.W. 876, discloses that our Court of Last Resort did not affirm the judgment of the

Court of Civil Appeals but affirmed the judgment of the trial court, thus repudiating the holdings of such court.

We do not discuss the other cases cited, in the interest of brevity, but we conclude that the rule laid down in 17 Tex.Juri., pages 645 et seq., para. 271, and pages 648 et seq., para. 272, control.

The twenty-fourth and last proposition contends that the verdict awarding plaintiff $7,500·is excessive.

The evidence touching upon plaintiff's suffering and condition is conflicting. The trial court saw and heard all witnesses speak, as did the jurors. It was the duty of the trial court to require a remitter if he believed the verdict excessive. He did not see fit to do so and under the authority of Vol. 13, Tex.Juri., page 265, Sec. 150, we believe that we are not warranted in disturbing the verdict.

The assignments of error presented are overruled and the judgment is affirmed.