CLAY, Circuit Judge,
concurring in part and dissenting in part.
CLAY, Circuit Judge.
I concur with the majority’s decision with respect to Plaintiffs claims of retaliatory discharge, conspiracy to commit retaliatory discharge, and inducement of breach of contract. I cannot agree, however, with the majority’s holding that summary judgment was appropriate for Plaintiffs claim of premises liability. Likewise, Plaintiffs wife’s derivative claim of loss of consortium should have survived summary judgment. Under Tennessee law, Defendant Willamette owed a duty of care to Plaintiff to make the paper mill safe, even with the open and obvious nature of the danger in moving rail cars. Moreover, Defendant Willamette could have reasonably foreseen Plaintiffs injuries, even if it could not have reasonably foreseen the exact manner in which those injuries occurred. Plaintiff has thus set forth sufficient evidence to entitle him to a jury trial on this claim.
I reiterate that the standard of review of a district court’s grant of summary judgment is de novo. A district court must grant summary judgment if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed. R.Civ.P. 56(c). The Court must view any facts and inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). With this standard in mind, I turn to the Tennessee law of premises liability.
Under Tennessee common law, a claim of negligence requires Plaintiff to prove: “(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause.” McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995) (citations omitted).
A. Duty of Care
Whether a duty of care exists is a question of law to be determined by the courts. Burroughs v. Magee, 118 S.W.3d 323, 327 (Tenn.2003). The parties agree that Plaintiff was an invitee employee of an independent contractor on Defendant Willamette’s property at the time of the accident. Defendant owed Plaintiff a duty to use rea *571 sonable due care in providing a safe place to work. Hutchison v. Teeter, 687 S.W.2d 286, 288 (Tenn.1985) (citation omitted). This duty required Defendant Willamette to remove or warn Plaintiff about any hidden or latent dangers on the property. Eaton v. McLain, 891 S.W.2d 587, 595 (Tenn.1994) (citations omitted). Plaintiff must show that Defendant Willamette either created these kinds of dangerous conditions, or it had actual or constructive notice of these kinds of dangerous conditions. Martin v. Washmaster Auto Ctr., USA, 946 S.W.2d 314, 318 (Tenn.App.Ct. 1996).
As the majority points out, Defendant Willamette did not have a general duty to warn Plaintiff about open and obvious dangers. Eaton, 891 S.W.2d at 595 (citations omitted). Contrary to the majority’s belief, however, the inquiry does not end if a danger is open and obvious; with such a danger, “if the forseeability and gravity of harm ... outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care.” Coln v. City of Savannah, 966 S.W.2d 34, 43 (Tenn.1998), overruled on other grounds by Cross v. City of Memphis, 20 S.W.3d 642 (Tenn. 2000).
I agree with the district court that there is nothing dangerous about a rail car, in and of itself; the danger is in moving the rail car. I disagree, however, with the district court’s assessment that the danger was created by Plaintiff. The evidence shows that Plaintiff and other employees of Defendant Benchmark were required to regularly move railway cars in order to have access to work sites. It is no answer to say that Defendant Willamette and Defendant Benchmark did not order Plaintiff to move the rail car that day; any number of Plaintiffs everyday actions as general foreman would not require such direct orders. Moreover, the fact that Plaintiff chose the specific method of moving the rail car does not address whether there is a general danger in moving rail cars; instead, Plaintiffs method of moving the rail car would speak to his contributory negligence.
The act of moving a large hunk of metal such as a rail car, regardless of the method, is inherently dangerous. The dangerous condition, the moving of rail cars, was created by Defendant Willamette.[1] Defendant Willamette controlled the premises in this case, and it used these rail cars for transportation of materials at the premises; however, these rail cars were regularly left in positions which required employees, of either Defendant Willamette or Defendant Benchmark, to move the cars in order to go about their everyday work.
Even though the movement of rail cars is dangerous, it is an open and obvious danger. There is nothing hidden or latent about using great force to move a large and heavy metal object. The question then becomes whether, under Coin, “the foreseeability and gravity of harm ... outweighed the burden on the defendant to engage in alternative conduct to avoid the harm.” 966 S.W.2d at 43. In this case, Defendant Willamette did have a duty to use reasonable care to protect Plaintiff in connection with the open and obvious danger of the moving of rail cars. The danger was foreseeable; Defendant Willamette knew Plaintiff was moving a rail car that day, and it knew that Plaintiff moved rail *572 cars in the past with small equipment such as fork lifts. The danger was grave; a moving rail car could easily cause serious bodily injury and even death.
In terms of alternative conduct on the part of Defendant Willamette, it could have disallowed the practice of moving rail cars with fork lifts; it could have required a payloader be used; it could have required Willamette supervision; it could have required a full crew be used. In other words, there was a multitude of actions Defendant Willamette could have utilized to minimize the danger on the premises that also would not have been prohibitive in terms of cost.
Under the reasoning of Coin, Defendant Willamette owed Plaintiff a duty of reasonable care to protect Plaintiff from the danger of moving rail cars because the foreseeability and gravity of the harm outweighed any burden on Defendant Willamette to engage in alternative conduct. Even assuming Plaintiff chose the most dangerous and haphazard way possible to move the rail car, this fact did not eliminate Defendant Willamette’s duty to use reasonable care in assuring that its premises was not unnecessarily hazardous in connection with this dangerous condition.
B. Breach of Duty of Care
Having established a duty of care, the jury must find whether Defendant Willamette breached such duty; in other words, breach of duty is ordinarily a jury question. Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 56 (Tenn.2004). “However, even [this] question[ ] may be decided at the summary judgment stage if the evidence is uncontroverted and if the facts and the inferences drawn reasonably from the facts permit reasonable persons to draw only one conclusion.” Rains v. Bend of the River, 124 S.W.3d 580, 588 (Tenn. App.Ct.2003).
Plaintiff has raised a genuine issue of material fact as to breach of duty. Plaintiffs underlying claim is that Defendant Willamette did not have sufficient crews or machinery available at the paper mill to safely move rail cars, nor did it allow Defendant Benchmark to maintain sufficient personnel to safely move the rail cars. This claim is supported by evidence. Plaintiff stated that Defendant Willamette liked contracting work with Defendant Benchmark because it used a minimum number of people and a minimum amount of equipment. Plaintiff stated that Defendant Willamette used to have a crew of people specifically to move rail cars, but in order to cut costs, Defendant Willamette did away with the crew. Plaintiff stated that to save costs and man hours, Plaintiff had moved rail cars in the past with “Bobcats” and fork lifts.
Viewing the evidence in the light most favorable to Plaintiff, Plaintiff has sufficiently raised the issue of Defendant Willamette’s breach of duty. The evidence shows that Defendant Willamette was cost-conscious, and this affected the workers’ safety in moving rail cars. In addition, a reasonable inference can be drawn that Defendant Willamette knew employees of Defendant Benchmark were moving rail cars with fork lifts, and Defendant Willamette approved of such action because it saved money and time. In short, a genuine issue of material fact exists as to whether Defendant Willamette compromised the safety of the premises in order to conserve resources.
C. Injury or Loss
Defendant Willamette concedes Plaintiff suffered injury as a result of the events of March 17, 2001.
D. Cause in Fact
The issue of whether Defendant Willamette’s breach was a cause in fact of Plain *573 tiffs injury is ordinarily a jury question. Lourcey, 146 S.W.3d at 56. Plaintiff, however, still needs to raise a genuine issue of material fact with respect to this issue. Rains, 124 S.W.3d at 588.
Plaintiff has raised sufficient evidence as to cause in fact. For example, the evidence shows that Defendant Willamette once employed a crew specifically to move rail ears but eliminated the crew to cut costs. If this is true, then but for Defendant Willamette’s actions, Plaintiff may not have been injured. The crew would have moved the rail car on March 17, 2001, not Plaintiff. As a result, Plaintiff in all likelihood would not have been injured.
E. Proximate Cause “Proximate causation is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.” Roe v. Catholic Diocese of Memphis, Inc., 950 S.W.2d 27, 31 (Tenn.App.Ct.1996).
Under Tennessee common law, Plaintiff must prove three elements to prove proximate cause:
(1) the tortfeasor’s conduct must have been a “substantial factor” in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.
McClenahan v. Cooley, 806 S.W.2d 767, 775 (Tenn.1991). Plaintiff has raised sufficient evidence for all three elements.
Defendant Willamette’s alleged breach was a substantial factor in bringing about Plaintiff’s injury. Plaintiff’s evidence indicates that Defendant Willamette “cut corners” in terms of moving rail cars, and the evidence implies that Defendant Willamette approved of cost-saving measures such as using a fork lift to move a rail car.
No policy justification exists that should relieve Defendant Willamette from liability. The district court found and Defendant Willamette believes that Defendant Willamette should not be held responsible for Plaintiffs “own absurd and negligent acts.” (Def.’s Br. 47.) This assertion goes not to proximate cause but to contributory negligence. Again, even if Plaintiff chose the most dangerous way to move the rail car, this does not mean a breach of duty by Defendant Willamette could not be a proximate cause of Plaintiffs injury. For example, if Defendant Willamette condoned or encouraged Plaintiff’s “absurd and negligent acts” because of cost considerations, then Defendant Willamette’s breach of duty would be a proximate cause of injury.
Defendant Willamette should have foreseen the injury caused by its alleged breach of duty. The evidence shows Plaintiff moved rail cars regularly at the paper mill. He sometimes moved them with small equipment, such as a fork lift. A reasonable inference is that Defendant Willamette was aware of this method of moving rail cars. As a result, Defendant Willamette was on notice that rail cars were being moved in an unsafe manner on the premises.
The majority asserts that Defendant Willamette could not have foreseen the exact manner in which Plaintiffs injuries occurred, i.e., it could not have foreseen that Plaintiff was going to use two fork lifts and a cable to pull the rail car, and that Plaintiff would be injured when one of the fork lifts lost traction on the wet ground. Assuming arguendo the truth of this statement, Plaintiff may still establish proximate cause. In order to prove proximate cause, Plaintiff needs to demonstrate *574 that “the harm, giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.” McClenahan, 806 S.W.2d at 775. Thus the harm, not the exact manner in which the harm occurred, must be foreseeable. The Tennessee Supreme Court has specifically rejected the reasoning of the majority:
The foreseeability requirement is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place, provided it is determined that the tortfeasor could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred.... The fact that an accident may be freakish does not per se make it unpredictable or unforeseen.... It is sufficient that harm in the abstract could reasonably be foreseen.
Id. (internal quotations and citations omitted). In the instant case, Defendant Willamette could have reasonably foreseen the “harm in the abstract” from the moving of rail cars with fork lifts. In the most favorable light, the evidence demonstrates that Defendant Willamette knew Plaintiff used fork lifts to move rail cars on the premises, and that Defendant Willamette approved of the practice to save time and money. It does not take a fertile imagination to realize the harm that can befall a person when moving large rail cars with small equipment.
In sum, this is not a situation where “the uneontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome.” Catholic Diocese of Memphis, Inc., 950 S.W.2d at 31. A jury should decide whether Defendant Willamette’s conduct was a proximate cause of Plaintiffs injury.
F. Comparative Fault
Tennessee courts have adopted a regime of modified comparative fault. McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992). Under this system, Plaintiff may recover, even if he was negligent, if his fault was less than Defendant Willamette.[2] Id.
Comparative fault is ordinarily an issue left to the jury. Prince v. St. Thomas Hosp., 945 S.W.2d 731, 735 (Tenn.App.Ct. 1996). Summary judgment, however, is appropriate “[i]f the evidence is evaluated in the light most favorable to the plaintiff and reasonable minds could not differ that [his] fault was equal to or great than that of the defendant!].” Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 91-92 (Tenn. 2000).
Here, reasonable minds could differ as to whether Plaintiffs fault was equal to or greater than Defendant Willamette’s fault. There is certainly undisputed evidence that Plaintiff was at fault. Plaintiff stood next to the right fork lift, placing himself in immediate danger, even though he could have safely stood on the loading dock and directed the fork lift operators. Plaintiff did not ask for additional equipment, nor did he ask for extra man power. (On the other hand, no evidence suggests that additional equipment or workers would have been available had Plaintiff made such requests.)
Plaintiffs evidence does suggest fault on Defendant Willamette’s part. In the most favorable light, the evidence suggests that Defendant Willamette had cut costs in connection with moving rail cars on the premises. As a direct result, the safety of such action was reduced. Defendant Willamette knew that Plaintiff was moving rail ears with fork lifts. The reasonable inference is that Defendant Willamette permitted such action because it cost less than *575 using a payloader or other heavy equipment to move the rail car. In other words, Defendant Willamette traded the safety on the premises for an increase in the profit margin.
The evidence suggests that Plaintiff may have been negligent when he used two fork lifts and a cable to move a rail car, but Defendant Willamette was also negligent because it condoned or encouraged Plaintiffs action because of financial considerations. I cannot unequivocally say Plaintiff was more at fault in this scenario than Defendant Willamette; as a result, this issue should go to the jury.
Because Plaintiff has satisfied all of the requirements for premises liability under Tennessee law, I dissent from the majority’s conclusion that the district court correctly granted summary judgment against Plaintiff on this claim. Furthermore, because Plaintiff has offered sufficient evidence as to his premises liability claim, Plaintiffs wife’s derivative claim of loss of consortium should have also withstood summary judgment.

. I agree with Plaintiff that Johnson v. EMPE, Inc., 837 S.W.2d 62, 65 (Tenn.App.Ct.1992), is inapposite. That case stood for the proposition that when an independent contractor has exclusive control over a particular piece of property, the duty of care belongs to the independent contractor and not to the owner of the property. In this case, Defendant Benchmark had no such exclusive control over the rail cars.

. This is also known as the “49 percent rule.”