# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 20, 2016 Session

## JOHN RICHARDSON, ET AL. v. TRENTON SPECIAL SCHOOL DISTRICT

**Appeal from the Circuit Court for Gibson County**
No. 8587    Clayburn Peeples, Judge

_____

**No. W2015-01608-COA-R3-CV – Filed June 27, 2016**
_____

This is a negligence case involving the alleged sexual assault of a six-year-old boy by another six-year-old boy in the bathroom of an elementary school. The trial court determined that the Appellee school district was entitled to summary judgment as a matter of law because the assault was not foreseeable. We conclude that there are disputes of material fact, which preclude the grant of summary judgment. Accordingly, we reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

W. Lewis Jenkins, Jr. and Dean P. Dedmon, Dyersburg, Tennessee, for the appellants, J.R. and P.R.

Jennifer C. Craig, Jackson, Tennessee, for the appellee, Trenton Special School District.

**OPINION**

### I.    Background

During the 2006-2007 school year, C.N.R., age six,[1] was enrolled in kindergarten in a school operated by Trenton Special School District ("TSSD," or "Appellee"). J.R. is C.N.R.'s father, and P.R.(together with J.R., "Parents" or "Appellants") is C.N.R.'s mother. The case arises from allegations that C.N.R. was sexually assaulted five times during the school year by another kindergarten student, B.S. The assault first came to the Parents' attention when C.N.R. told his mother that he was afraid to go to the bathroom at school. P.R. initially thought that the other student, B.S., was bullying C.N.R. Mother suspected that B.S. was using foul language, showing his private parts, writing on the bathroom walls, and throwing paper wads. P.R. first learned that C.N.R. may have been sexually assaulted by B.S. when the school principal called P.R. to say that he was informed of the alleged incident by the school guidance counselor, who had been notified by the children's teacher. The teacher was told, by another student who was in the bathroom at the time of the alleged assault, that B.S. and C.N.R. were in the stall together. After questioning B.S. and C.N.R., B.S. allegedly admitted to the teacher that B.S. had put his mouth on C.N.R.'s private parts.

It is undisputed that, prior to the alleged assault on C.N.R., there was an incident at the school where one student sexually assaulted another child in the bathroom during after-school care. Concerning this incident, the principal testified, in his deposition, that the children involved in the after-school care incident were in first or second grade, as opposed to the children involved in the instant case, who were in kindergarten. Furthermore, the principal testified that the after-school incident occurred when the two students were alone in the bathroom. The incident at issue here occurred when the students were in the bathroom with other students. When C.N.R. was allegedly assaulted, the children's teacher was standing in the hallway between two bathrooms so that she could monitor what was happening in either facility. Regardless, it is undisputed that the elementary school changed its bathroom policy in the after-school care program in direct response to the prior assault such that teachers accompanied students into the bathrooms. However, the school did not change its policy concerning the main school day. At the time of the alleged assault on C.N.R., the school policy applicable to C.N.R. and B.S.'s teacher provided:

> While on duty, you are responsible for the children in your group. Their safety and well being are your most important consideration. CHILDREN MUST NEVER BE OUT OF SIGHT!!! Monitor your students in the halls and bathrooms (emphasis in original).

---

[1] Given the sensitive nature of this case, we redact the parties' names for purposes of anonymity.

On September 29, 2011, Appellants filed suit against TSSD.[2]  Appellants claimed that TSSD was negligent because its employee had violated the school's policy and that this violation resulted in a failure to protect C.N.R.  Following discovery, on January 13, 2015, TSSD filed a motion for summary judgment alleging that TSSD did not owe a duty to C.N.R.  Appellants opposed the motion for summary judgment.  Following hearing, the trial court granted TSSD's motion by order of July 30, 2015.  In relevant part, the trial court held that the "alleged sexual assault against the six-year-old minor . . . by another six-year-old student in the boys bathroom . . . was unforeseeable as a matter of law."  Appellants appeal.

## II. Issues

Appellants raise two issues for review; however, we perceive that there is one dispositive issue, which we state as follows:

> Whether the trial court erred in granting summary judgment to the Appellee school district upon its finding that the sexual assault of a six-year-old child by another six-year-old child was not reasonably foreseeable under the circumstances.

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.  We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013); *see also Abshure v. Methodist Healthcare-Memphis Hosp.,* 325 S.W.3d 98, 103 (Tenn. 2010); and *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997).  In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye* 477 S.W.3d at 250 (citing *Estate of Brown,* 402 S.W.3d 193, 198 (Tenn. 2013); *Hughes v. New Life Dev. Corp.,* 387 S.W.3d 453, 471 (Tenn. 2012)).

For actions initiated on or after July 1, 2011, the standard of review for summary judgment is governed by Tennessee Code Annotated Section 20-16-101.  The statute provides:

---

[2] The complaint also named the Town of Trenton, TN as a party-defendant.  On February 27, 2012, the trial court entered a consent order dismissing Trenton from the lawsuit.  Trenton is not a party to this appeal.

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1)     Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2)     Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101. However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." *Rye*, 477 S.W.3d at 264. Rule 56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id.* If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014)(citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As our Supreme Court recently opined:

[T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265 (emphasis in original). If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. *Id.* Thus, even where the determinative issue is ordinarily a question of fact for the jury, summary judgment is still appropriate if the evidence is uncontroverted and the facts and

inferences to be drawn therefrom make it clear that reasonable persons must agree on the proper outcome or draw only one conclusion. *White v. Lawrence*, 975 S.W.2d 525, 529-30 (Tenn. 1998).

However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id*. at 24-25.

## IV. Analysis

In a cause of action for negligence, a plaintiff must establish five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) breach by the defendant of that duty of care; (3) injury or loss; (4) cause in fact; and (5) proximate or legal cause. *Hale v. Ostrow*, 166 S.W.3d 713, 716 (Tenn. 2005); *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). Duty is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm. *Cullum v. McCool*, 432 S.W.3d 829, 833 (Tenn. 2013); *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). Whether a defendant owed or assumed a duty of care to a particular plaintiff is a question of law. *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819-20 (Tenn. 2008); *Bradshaw*, 854 S.W.2d at 869. Appellee argues that it has no duty to C.N.R as a matter of law.

In *Giggers v. Memphis Housing Authority, et al.*, 277 S.W.3d 359 (Tenn. 2009), the Tennessee Supreme Court discussed the relationship between duty and foreseeability in the context of a landlord tenant dispute. Although factually distinguishable from the instant case, the *Giggers* opinion is, nonetheless, helpful in terms of the question of foreseeability. The Supreme Court explained, in relevant part:

Traditionally, the question of whether a defendant owes a duty of care to the plaintiff is a question of law to be determined by the courts. *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005) ("Although not a part of the early English common law, the concept of duty has become an essential element in all negligence claims," as well as a question of law for the courts); *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 428 (Tenn.1994); *Glenn v. Conner*, 533 S.W.2d 297, 302 (Tenn.1976). In its determination of the legal issue, "[a] decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant. A decision that if certain facts are found to be true, a duty exists, leaves open the other questions [as to the presence of negligence]." *Lindsey*, 689 S.W.2d at 859 (quoting Prosser, § 37 at 236). In *McCall*, we held that "[a] risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall*, 913 S.W.2d at 153. "[T]he imposition of a legal duty reflects society's contemporary policies and social requirements concerning the right of individuals and the general public to be protected from another's act or conduct." *Bradshaw v. Daniel*, 854 S.W.2d 865, 870 (Tenn.1993). . . .

In order to determine whether a duty is owed in a particular circumstance, courts must first establish that the risk is foreseeable, and, if so, must then apply a balancing test based upon principles of fairness to identify whether the risk was unreasonable. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 366 (Tenn. 2008). That is, in consideration of, among other things, the presence or absence of prior similar incidents, and other circumstances, does the foreseeability of the harm outweigh the burden of the duty imposed? *McClung*, 937 S.W.2d at 901. In *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008), we held as follows:

> The foreseeability of the harm is a key factor in the equation because, in general terms, "[f]oreseeability is the test of negligence." *West*, 172 S.W.3d at 552 (quoting *Linder Constr. Co.*, 845 S.W.2d at 178); *Hale v. Ostrow*, 166 S.W.3d 713, 716–17 (Tenn. 2005). "'A risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a

6

duty is probable.'" ***West***, 172 S.W.3d at 551 (quoting ***Linder Constr. Co.***, 845 S.W.2d at 178). However, foreseeability alone does not create a duty to exercise reasonable care. ***McClung***, 937 S.W.2d at 904. If the risk is foreseeable, then courts should weigh the remaining factors to determine if an imposition of duty is justified.

Although no duty will arise when a risk of injury is not generally foreseeable, foreseeability alone "is not, in and of itself, sufficient to create a duty." ***Satterfield***, 266 S.W.3d at 366. Rather, when a minimum threshold of foreseeability is established, courts must engage in "an analysis of the relevant public policy considerations," ***id***. at 364-65, to determine whether a duty enforceable in tort must be imposed. While not exclusive, the factors are as follows:

[T]he foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

***McCall***, 913 S.W.2d at 153. *See also* ***Burroughs***, 118 S.W.3d at 329.

When and if the trial court determines that the foreseeability of the harm and its particular gravity outweigh the burden of taking reasonable protective measures, the question "of duty and of whether defendants have breached that duty ... is one for the jury to determine based upon proof presented at trial." ***McClung***, 937 S.W.2d at 904. As previously stated, whether a defendant owed a duty of care is a question of law for the court to decide. ***West***, 172 S.W.3d at 550; ***Stewart v. State***, 33 S.W.3d 785, 793 (Tenn. 2000). Nevertheless, courts should take precautions to avoid any invasion of the province of the jury. ***Satterfield***, 266 S.W.3d at 367-68.

*Giggers*, 277 S.W.3d at 365-66.

There has been debate as to whether foreseeability in negligence law is a question of duty, which is a matter of law; a question of breach, which is a mixed question of law and fact; or a question of proximate cause, which is a question of fact. See, e.g., James R. Adams, From Babel to Reason: An Examination of the Duty Issue, 31 McGeorge L. Rev. 25 (1999); Benjamin C. Zipursky, Rights, Wrongs, and Recourse in the Law of Torts, 51 Vand. L. Rev. 1 (1998). Here, the trial court's order merely states the trial court's finding that the "alleged sexual assault against the six-year-old minor . . . was unforeseeable as a matter of law." The court does not, however, indicate whether it is applying the foreseeability determination to the question of duty, breach, or causation. However, in reaching its determination that the assault against C.N.R. was unforeseeable, the trial court relies on two cases from this Court. The first, *Roe v. Catholic Diocese of Memphis, Inc.*, 950 S.W.2d 27 (Tenn. Ct. App. 1996), is similar in fact to the instant case. In *Roe,* a four-year-old boy was sexually assaulted by another four-year-old boy while both children were unsupervised in the bathroom of a school run by the Catholic Diocese of Memphis. The trial court granted summary judgment in favor of the Catholic Diocese of Memphis, and the Roe plaintiffs appealed. In affirming the trial court's grant of summary judgment, this Court held that the incident was unforeseeable to the school, thus negating the *prima facie* element of proximate causation necessary to establish school's liability. *Id*. at 28.

The trial court also relied on this Court's opinion in *Lanier v. City of Dyersburg*, No. W2009–00162–COA–R3–CV, 2009 WL 4642601 (Tenn. Ct. App. Dec. 9, 2009). In *Lanier*, an eleven-year-old, special education student sexually assaulted a thirteen-year-old, special education student in a school bathroom between classes. *Id*. at *1. The City of Dyersburg presented the affidavits of several school officials; these affidavits indicated that the perpetrator's records, including a recent psychological evaluation, had been reviewed. However, none of the records indicated that the perpetrator had demonstrated any physically or sexually aggressive tendencies prior to the incident. *Id*. at *5. In affirming the trial court, we held that summary judgment in favor of the City of Dyersburg was proper because the incident was unforeseeable, thus negating the prima facie element of causation.

Because of the trial court's reliance on *Roe* and *Lanier*, we glean, by inference, that the trial court concluded that the causation element of the negligence claim was negated. However, as noted above, the question of foreseeability can also bear on the element of duty, *see infra*. Regardless, it appears that Appellees interpret *Roe* and *Lanier* to stand for the proposition that any sexual assault between children is unforeseeable as a matter of law. Such an

8

interpretation, however, is entirely too broad. This is especially so in light of the fact that the *Roe* and *Lanier* cases are readily distinguishable from the case at bar. In both *Roe* and *Lanier*, there was no indication that the type of assault at issue had occurred prior to the events giving rise to the respective lawsuits. Furthermore, in *Lanier,* there was no indication that the defendant had any reason to foresee that the tortfeasor had the proclivity to engage in such assault. Here, however, it is undisputed that, prior to the assault on C.N.R., a first or second grader sexually assaulted another first or second grader in a bathroom at the same school. Moreover, in *Roe* and *Lanier*, the facts do not indicate whether either school had enacted any policy that could be deemed relevant to the question of foreseeability, duty, or causation.

Here, it is undisputed that the school's after-school bathroom policy was amended following the first sexual assault. It is also undisputed that, at the time of the assault on C.N.R., there was a policy in place for the regular school day, i.e., "CHILDREN MUST NEVER BE OUT OF SIGHT!!! Monitor your students in the halls and bathrooms." What is unanswered in the record, however, is the question of when the foregoing policy was put into effect and whether the enactment of the policy was precipitated by the after-school care assault. Foreseeability is ordinarily a question of fact. *McClung*, 937 S.W.2d at 900. In this regard, the existence of the policy creates at least a question of fact regarding whether the school anticipated these types of assault. The policy itself may bear on the question of whether the assault on C.N.R. was foreseeable. In *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991), the Tennessee Supreme Court outlined a three-pronged test for determining proximate causation:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) **the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.**

(Emphasis added). As discussed above, there are questions of fact surrounding the policy and its bearing on the question of foreseeability. Because, under *McClenahan*, causation cannot exist without foreseeability, there is, *ipso facto*, also a dispute of fact concerning the element of causation in this case. While we concede that the foreseeability requirement is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place, if the general manner in which the injury occurred could have been foreseen, or should have been foreseen through the exercise of reasonable diligence, the foreseeability requirement will be met. *Moore v. Houston Cty. Bd. of Educ.*, 358 S.W.3d 612,

619 (Tenn. Ct. App. 2011); *Lanier* 2009 WL 4642601, at \*4; *Mason*, 189 S.W.3d at 222 (citing *McClenahan*, 806 S.W.2d at 775). "It is sufficient that harm in the abstract could reasonably be foreseen." *McClenahan*, 806 S.W.2d at 775. Nonetheless, "the harm must be foreseeable from the vantage point available to the defendant at the time that the allegedly negligent conduct occurred." *Crutchfield v. State*, No. M2015-01199-COA-R3-CV, 2016 WL 1601309, at \*7 (Tenn. Ct. App. Apr. 18, 2016) (citing *Wingo v. Sumner County Board of Education*, No. 01A01–9411–CV–0051, 1995 WL 241327, at \*3 (Tenn. Ct. App. M.S. April 26, 1995)). Additionally, "the plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the defendant's power more probably than not would have prevented the injury." *Rathnow*, 209 S.W.3d at 633-34 (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)).

While the existence of a policy in this case may bear on the question of foreseeability *vis-à-vis* the causation element of negligence, it may also bear on the question of whether TDDS owed a duty to C.N.R. that was breached. For over thirty years, the case of *Roberts v. Robertson Cty. Bd. of Educ.*, 692 S.W.2d 863 (Tenn. Ct. App. 1985) has defined the standard of care owed by teachers to their students. In the *Roberts* case, a high school student filed a complaint against his school board and his teacher for head injuries suffered in shop class. School districts and teachers "are not expected to be insurers of the safety of students while they are at school." *Id*. at 870. We do not impose upon teachers the "duty to anticipate or foresee the hundreds of unexpected student acts that occur daily in our public schools." *Id* at 872. However, "we have no hesitation in holding a teacher or local school system to the duty of safeguarding students while at school from reasonably foreseeable dangerous conditions including the dangerous acts of fellow students." *Id*. (citations omitted). Accordingly, we have repeatedly upheld the principle that "schools, teachers, and administrators have a duty to exercise ordinary care for the safety of their students." *Haney v. Bradley County Bd. of Educ.*, 160 S.W.3d 886, 897 (Tenn. Ct. App. 2004); *see also* *Rowland v. Metro. Gov't of Nashville*, No. M2012-00776-COA-R3CV, 2013 WL 784582, at \*14 (Tenn. Ct. App. Feb. 28, 2013); *Lanier v. City of Dyersburg*, No. W2009-00162-COA-R3-CV, 2009 WL 4642601, at \*5 (Tenn. Ct. App. Dec. 9, 2009). Based on *Roberts* and its progeny, we conclude that the Appellee school district and its staff owe a duty of reasonable care to CNR. However, the extent to which a teacher must supervise the activities of his or her students must be determined with reference to the age and inexperience of the students, their maturity, and the dangers to which they may be exposed. *King by King v. Kartanson*, 720 S.W.2d 65, 68 (Tenn. Ct. App. 1986) (citations omitted). Here, Appellants argue that the school's knowledge of prior incidents and its own policy demonstrates foreseeability of this type of harm, and thus creates duty. In *Haney*, 160 S.W.3d 886, we held that:

"The policy is neither a statute nor an ordinance. Rather, it is a rule adopted by the Board of Education intended to regulate the conduct of school employees . . . . The applicable standard of care owed by the Board and the School is established by law, not the Policy."

*Id.* at 892-93.

Although, based on **Roberts** and its progeny, a school district and staff typically owe students only a duty of reasonable care, because the duty owed by a teacher to his or her student may vary based on the maturity level of child, the policy may bear on the question of whether the duty to C.N.R. was breached. On that subject, even if the policy at issue was enacted in response to the earlier after-school care assault, because the children involved in that incident were slightly older than the children involved in the instant appeal, this distinction creates additional dispute of fact concerning foreseeability and duty.

Courts in Tennessee generally hold that summary judgment is inappropriate in negligence cases. *Roe,* 950 S.W.2d at 31 (citing *Gonzales v. Alman Constr. Co.,* 857 S.W.2d 42, 45 (Tenn. Ct. App. 1993)). In order to survive summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. *Rye*, 477 S.W.3d at 265. As previously stated, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. "Where there does exist a dispute as to [material] facts . . . or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court . . .is to overrule any motion for summary judgment. . . ." *EVCO,* 528 S.W.2d at 25. We conclude that the question of whether this assault was foreseeable based on the school's supervision policy is a question to be determined at trial, and that summary judgment is premature here.

### V. Conclusion

For the foregoing reasons, we reverse the trial court's order granting summary judgment. The case is remanded to the trial court for further proceedings as may be necessary and are consistent with this Opinion. Costs on the appeal are assessed against the Appellee, Trenton Special School District, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

11