# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON
_____

|  |  |  |
|---|---|---|
| MARY KINDRED, On Her Own Behalf, And As Next Of Kin Of Marcus Briggs, | ) ) ) | Shelby County Circuit Court No. 23571 T.D. |
| Plaintiff/Appellant. | ) ) | |
| VS. | ) ) | C. A. NO. 02A01-9512-CV-00280 |
| THE BOARD OF EDUCATION OF MEMPHIS CITY SCHOOLS, ET AL | ) ) ) | |
| Defendants/Appellees. | ) ) ) | |

_____

From the Circuit Court of Shelby County at Memphis
**Honorable Robert A. Lanier, Judge**

**Jack McNeil**, Memphis, Tennessee
Attorney for Plaintiff/Appellant.

**Ernest G. Kelly, Jr.**,
EVANS & PETREE, Memphis, Tennessee
Attorney for Defendants/Appellees, Board of Education of Memphis City Schools, Willie Anderson and Raybon Hawkins.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

In this wrongful death action, Plaintiff-Appellant Mary Kindred (Plaintiff), on her own behalf and as next of kin of Marcus Briggs, appeals the trial court's judgment entered in favor of Defendants-Appellees Board of Education of Memphis City Schools, Willie Anderson, and Raybon Hawkins (Defendants).[1]

In its judgment, the trial court made the following findings of fact, which we conclude are amply supported by the evidence presented at trial:

On . . . February 19, 1987, Marcus Briggs, the son of the plaintiff, Mary Kindred, was a student at Hamilton Middle or Junior High School in Memphis. That afternoon, after school had let out for the day, there was to be a basketball game between some members of the faculty and some students. Assigned to supervise the proceedings were Coach Willie Anderson and the Vice Principal of the school. In addition, Mr. Mack Trent, a coaching intern and a parent was present. . . .

Briggs had volunteered to take up admission charges at the door of the game, but was instructed by Coach Anderson not to do so. However, he was permitted to hold the money which had been collected. Despite his instructions, he took it upon himself to collect admission fees at the door of the gymnasium. Defendant Randy Oliver, a student at [Hamilton] Senior High School (located on another campus) refused to pay admission to the game in an insulting manner. He grabbed Briggs by the shirt and pushed him against the wall, speaking to him in an aggressive and insulting way. Some students notified Coach Anderson, who immediately went to the entrance and found Oliver and Briggs holding each other's forearms as though bracing for a fight. He separated them and escorted Oliver all the way off of the campus. As he was leaving, Oliver called back in the direction of Briggs and another student named Brooks, "I'll be back." This type of threat was extremely common with students of the age of Briggs and Oliver and such incidents happened at numerous times during each day of school and after school. Usually, they did not result in any serious problem and they had never resulted in a shooting before.

After Oliver was escorted from the campus, Coach Anderson returned to the game. During the hour or so the game proceeded, Oliver went to his home a block or so away from the school campus and obtained his aunt's pistol. He then returned to the campus, encountering Briggs, Brooks, and a number of other students as they left the gymnasium. The students moved towards Oliver and some words were exchanged with Brooks and Briggs. The students moved north on the sidewalk, at which time Oliver fired a shot which struck no one, but caused the crowd to disperse somewhat. Briggs was following close behind Brooks. Oliver fired almost point-blank at Brooks, who was not hit and ducked. Oliver then crossed the street,

---

[1]The trial court entered judgment in favor of all named defendants, with the exception of Defendant Randy Oliver, who is not a party to this appeal. Throughout this opinion, references to "Defendants" or "defendants" shall not include Oliver.

heading to the west in the direction of his home. He then turned and fired again, intending to shoot Brooks, who had a belt wrapped around his fist, but striking Briggs instead. Briggs was in the middle of the street, following Oliver. Briggs was taken to the hospital, but died later that night from the gunshot wound. He was conscious for some time after being shot, and said to the coach, "Coach, he got me."

. . . .

When the first shots were fired, a student went to notify Coach Anderson, who was changing his clothes after the basketball game. He immediately ran to the scene of the disturbance and was running to try to stop [Briggs and Brooks] from following Oliver when the shots were fired. The school principal, defendant [Raybon] Hawkins, was in his office performing his duties during the entire time of this incident, and he knew nothing about it until notified by a student after the shooting.

On appeal, Plaintiff challenges all three bases for the trial court's judgment in favor of Defendants.[2] We summarize Plaintiff's issues as follows:

1. Whether the trial court erred in ruling that Defendants exercised reasonable care under the circumstances and that Plaintiff failed to carry the burden of proving that any act or failure to act by Defendants was a proximate cause of Briggs' death.

2. Whether the trial court erred in ruling that Defendants were not negligent *per se* because of their failure to report the initial altercation between Oliver and Briggs to authorities pursuant to the provisions of Tennessee Code Annotated Section 49-6-4301.

3. Whether the trial court erred in ruling that Plaintiff was barred from recovering against Defendants because of Briggs' contributory negligence in pursuing Oliver when Briggs knew that Oliver was armed and dangerous.

We first address Plaintiff's contention that the trial court erred in ruling that liability could not be imposed against Defendants under common-law negligence principles. In order to establish proximate causation and, ultimately, negligence, the plaintiff must show that the harm giving rise to the action reasonably could have been foreseen or anticipated. *Cox v. State,* 844 S.W.2d 173, 177 (Tenn. App. 1992) (citing *McClenahan v. Cooley,* 806 S.W.2d 767, 775 (Tenn. 1991)); *see also Chudasama v. Metropolitan Government,* 914 S.W.2d 922, 925 (Tenn. App. 1995)

---

[2]As an initial matter, the trial court rejected Defendants' claim of immunity under the Tennessee Governmental Tort Liability Act, a defense which was based on Defendants' contention that their actions were discretionary rather than operational. *See Bowers ex rel. Bowers v. City of Chattanooga,* 826 S.W.2d 427 (Tenn. 1992); T.C.A. § 29-20-205(1) (1980). This ruling has not been challenged on appeal.

(holding that, in order for liability to attach, plaintiff was required to show that injury to student was foreseeable result of physical education teacher's actions). Foreseeability is a question of fact, and, thus, the trial court's findings with regard to foreseeability are entitled to a presumption of correctness. *Cox v. State,* 844 S.W.2d at 178; T.R.A.P. 13(d).

Based on the evidence presented in this case, we agree with the trial court's ruling that Defendants were not guilty of any common-law negligence which proximately caused Briggs' death. Regarding the question of foreseeability, the trial court made the following factual findings:

> The incident at the entrance to the gymnasium was not such as to place the defendants upon notice that an act of serious violence was to be anticipated from the defendant Oliver. . . . There was no evidence that would place the defendants on notice that a shooting or similar incident would be the result of the minor scuffle which took place. These verbal and lightly physical disputes, no matter how reprehensible, were commonplace at the time of [Briggs'] death . . . and had not resulted in death or serious injury.

The evidence at trial supports these findings. Specifically, Coach Anderson and Principal Hawkins both testified that incidents involving students grabbing, pushing, and threatening other students occurred quite often at the school. Coach Anderson testified that he constantly heard students make threats similar to the threat made by Oliver in this case, but, in the coach's experience, this was the first time a student actually had carried out such a threat. *See, e.g., Rawls v. Bulloch County Sch. Dist.,* 477 S.E.2d 383, 385 (Ga. Ct. App. 1996) (holding that attack on plaintiff by fellow student was not foreseeable where plaintiff testified that student's threat to "kill" plaintiff was not unusual among students in plaintiff's school and plaintiff did not take student's threat seriously). Further, Coach Anderson had never known Oliver to have a weapon or to cause any problems around the school. Principal Hawkins corroborated Coach Anderson's testimony, stating that, based on his knowledge of Oliver as a former student, the principal would not have expected Oliver to carry out his threat. *See, e.g., Cox v. State,* 844 S.W.2d 173, 178 (Tenn. App. 1992) (holding that, given complete lack of evidence of inmate's propensity for violent acts, evidence did not preponderate against finding that inmate's attack on claimant was not foreseeable). Accordingly, we reject Plaintiff's argument that the trial court erred in declining to impose liability against Defendants under principles of common-law negligence.

We also reject Plaintiff's argument that Defendants were negligent *per se* because of their violation of Tennessee Code Annotated Section 49-6-4301, which contains the following provisions:

> **49-6-4301. School officials to report student offenses. --**
> (a) Every teacher observing or otherwise having knowledge of an assault and battery or vandalism endangering life, health or safety committed by a student on school property shall report such action immediately to the principal of such school. Every principal having direct knowledge of an assault and battery or vandalism endangering life, health or safety committed by a student on school property or receiving a report of such action shall report such action immediately to the municipal or metropolitan police department or sheriff's department having jurisdiction. Any fight not involving the use of a weapon as defined in § 39-17-1309, or any fight not resulting in serious personal injury to the parties involved, shall be reported only to the school administrator.

T.C.A. § 49-6-4301(a) (1983).

Plaintiff contends that section 49-6-4301 required Defendants to report the initial altercation between Oliver and Briggs to police because Oliver's actions constituted an assault and battery on Briggs. We disagree. Although Oliver's actions during the initial altercation may have constituted an assault and battery, the trial court found that the assault and battery did not endanger the life, health or safety of Briggs, and we conclude that the evidence does not preponderate against such a finding. In this regard, the statute further provides that any fight not involving the use of a weapon, or any fight not resulting in serious personal injury, need not be reported to the police. In this case, it is undisputed that the initial altercation between Oliver and Briggs neither involved the use of a weapon nor resulted in serious personal injury. Accordingly, Defendants were not required to report the incident to the police department.[3]

In seeking to impose the reporting requirements of section 49-6-4301 on Defendants, Plaintiff points out that the exception contained in the last sentence of subsection (a) uses the word "fight" while the preceding sentences use the term "assault and battery." Plaintiff argues, therefore,

---

[3]Principal Hawkins testified that, had he been notified of the initial altercation, he would have approved the manner in which Coach Anderson handled the situation, and he would not have involved the police.

that the "fight" exception was inapplicable here because the initial altercation between Oliver and Briggs was not a "fight" but, instead, was an assault and battery by Oliver. We believe Plaintiff's distinction to be unwarranted. The legislature's insertion of the "fight" exception into the statute appears designed to give school teachers and administrators the discretion not to report minor incidents to local law enforcement authorities based, not on the nature of the altercation, but on the degree of harm actually threatened or inflicted during the altercation. Here, regardless of the nature of the initial altercation between Oliver and Briggs, it was undisputed that Oliver did not threaten Briggs with a weapon and that Briggs was not harmed during the incident. In rejecting the distinction sought to be drawn by Plaintiff in this case, we note that an assault and battery may or may not escalate into a fight depending upon whether the victim defends himself against his assailant. We are unable to conceive of any rationale for establishing different reporting requirements based on such a distinction.

In light of our holdings in this case, we need not reach the issue of whether the trial court erred in concluding that Plaintiff was barred from recovery because of Briggs' contributory negligence in pursuing Oliver when Briggs knew Oliver was armed and dangerous. We note, however, that, contrary to Plaintiff's argument on appeal, the evidence does not preponderate against the trial court's finding that Briggs was pursuing Oliver at the time Briggs was shot. Any remaining issues argued in Plaintiff's brief are without merit.

The trial court's judgment entered in favor of Defendants is affirmed. Costs of this appeal are taxed to Plaintiff, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
LILLARD, J. (Concurs)