
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2016 Session

## K.G.R., BY AND THROUGH HIS PARENTS, RACHEL RIFFE AND JEFFREY RIFFE v. UNION CITY SCHOOL DISTRICT, ET AL.

**Appeal from the Circuit Court for Obion County**
**No. CC-13-CV-20   Jeff Parham, Judge**



**No. W2016-01056-COA-R9-CV**

_____

This is a negligence case involving the alleged sexual assault of a 13-year-old special education student by another 13-year-old special education student in a school bathroom. The trial court determined that the Appellant school district was not entitled to summary judgment as a matter of law because there was a question of fact as to whether the incident was foreseeable. We conclude that there is no dispute of material fact and that summary judgment in favor of the school district should be granted. Reversed and remanded.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and DAVID R. FARMER, SP. J., joined.

Jennifer C. Craig, Jackson, Tennessee, for the appellant, Union City School District.

W. Lewis Jenkins, Jr. and Dean P. Dedmon, Dyersburg, Tennessee, for the appellees, Rachel Ballog-Riffe, and Jeffrey Riffe.

## OPINION

### I.      Background

During the 2011-2012 school year, K.G.R., age 13,[1] was enrolled in the sixth

_____

[1] Given the sensitive nature of this case, we redact the parties' names for purposes of anonymity.

grade as a special education student at Union City Middle School, which is operated by Union City School District ("UCSD" or "Appellant"). J.R is K.G.R's father, and R.R (together with J.R., "Parents" or "Appellees") is K.G.R's mother. The case arises from allegations that K.G.R was sexually assaulted multiple times during the school year by another sixth grader, Q.B., also a special education student. On May 15, 2012, a student told Robyn D., K.G.R. and Q.B.'s teacher, that the boys were in the bathroom stall together. After asking another teacher to watch her class, Ms. D. went to the bathroom. On her arrival, Q.B. was exiting the bathroom. She called out to K.G.R., and he came out of the bathroom. Ms. D. then took both boys to the principal's office.

The parents first learned of the incident when Michael M., the school principal, called R.R. to come to the school. When the parents arrived, Mr. M. informed them that K.G.R. may have been sexually assaulted by Q.B. In the presence of K.G.R.'s parents, Raphe W., the school's resource officer, assisted K.G.R. in providing a written statement. According to K.G.R., Q.B. came into the stall while K.G.R. was using the restroom. K.G.R. further stated that "[Q.B.] took his private part and stuck it in my butt."

It is undisputed that, on April 25, 2012, three weeks prior to the alleged sexual assault on K.G.R., R.R. wrote a letter to the school principal informing him that K.G.R was being bullied at school. Specifically R.R. alleged that two named students were bullying K.G.R "almost everyday" and that K.G.R. was being punched by these students. R.R. did not name Q.B. as one of the bullies. The majority of the letter addressed the detention that K.G.R. had received for calling a girl names. Although not discussed expressly in the letter, R.R. testified that she wrote the letter because other students were stealing K.G.R.'s pencils, picking on him, and calling him names.

On April 23, 2013, Appellees filed a complaint for personal injuries against UCSD.[2] According to the complaint, "beginning . . . on or about [April 27], 2012 K.G.R. was repeatedly sexually victimized by another student in the bathroom at Union City Middle School." The parents alleged that Appellant breached a duty to protect K.G.R. from harm. On May 17, 2013, Appellant filed an answer, denying the material allegations in the complaint. As an affirmative defense, Appellant raised "all immunities and defenses" under the Tennessee Governmental Tort Liability Act ("TGTLA").

On August 24, 2015, Appellant filed a motion for summary judgment, arguing, *inter alia*, that it owed no duty to K.G.R. because the acts against him were not foreseeable. Appellees filed a response in opposition to the motion for summary judgment. During the discovery process, UCSD presented testimony from Raphe W., the

---

[2] The complaint also named the town of Union City as a party-defendant. On June 11, 2013, the trial court entered a consent order dismissing Union City from the lawsuit. Union City is not a party to this appeal.

school resource officer; Michael M., the principal; Brittany K., the special education supervisor; and Robyn D., the teacher. Both Mr. W. and Mr. M. testified that the alleged sexual assault against K.G.R. was an isolated incident, and that nothing like it had ever occurred at Union City Middle School, either between these two students, or any other students. Mr. W. further testified that, when he interviewed K.G.R., he specifically asked K.G.R. if this had ever happened before, and K.G.R. said no. K.G.R.'s mother, who was present for the interview with Mr. W., indicated that perhaps it had happened before. Mr. W. asked K.G.R. a second time whether anything like this had ever happened before, to which K.G.R. again responded that it had not happened before. Brittany K., who had previously taught both K.G.R. and Q.B, testified that neither K.G.R. nor Q.B. had ever exhibited any need for assistance or supervision in the bathroom. Robyn D., testified that, although Q.B. could be a disciplinary challenge, she did not remember ever sending him to the principal's office prior to the incident that occurred on May 15, 2012.

On November 16, 2015, the trial court entered an order denying the motion for summary judgment. Specifically, the trial court held that "a dispute of fact exists as to whether the school was on notice by virtue of the Mother's earlier letter and therefore whether or not the incident was foreseeable." Appellant filed an application for an interlocutory appeal under Tennessee Rule of Appellate Procedure 9. This Court granted interlocutory appeal by order of June 13, 2016.

## II. Issues

Appellant raises the following issue for review, as stated in its brief:

Whether the trial court erred in denying the [Appellant]'s motion for summary judgment when it was not reasonably foreseeable that a sexual assault would occur between elementary age students under the circumstances.

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013); *see also Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010); *see also Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye* 477 S.W.3d at 250 (citing *Estate of Brown*, 402

S.W.3d 193, 198 (Tenn. 2013); *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

For actions initiated on or after July 1, 2011, the standard of review for summary judgment is governed by Tennessee Code Annotated Section 20-16-101. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1)     Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2)     Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101. However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." *Rye*, 477 S.W.3d at 264. Rule 56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id*. If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014)(citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As our Supreme Court recently explained:

> [T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co*., 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265 (emphasis in original). If adequate time for discovery has been

provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. *Id*. "A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion." *Giggers v. Memphis Hous. Auth.,* 277 S.W.3d 359, 364 (Tenn. 2009) (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)). "The granting or denying of a motion for summary judgment is a matter of law, and our standard of review is de novo with no presumption of correctness." *Dick Broad. Co., Inc. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (quoting *Kinsler v. Berkline, LLC,* 320 S.W.3d 796, 799 (Tenn. 2010)).

## IV. Analysis

To prevail on a negligence claim, a plaintiff must establish five elements: 1) a duty of care owed by the defendant to the plaintiff; 2) breach of duty of care by the defendant; 3) injury or loss; 4) causation in fact; and 5) proximate, or legal, cause. *King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013); *Giggers*, 277 S.W.3d at 364; *Hale v. Ostrow,* 166 S.W.3d 713, 716 (Tenn. 2005); *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993). Duty is "a legal obligation to conform to a reasonable person standard of care in order to protect others against unreasonable risks of harm." *Cullum v. McCool*, 432 S.W.3d 829, 832-33 (Tenn. 2013)(quoting *Satterfield v. Breeding Insulation Co.,* 266 S.W.3d 347, 355 (Tenn. 2008)). An unreasonable risk of harm arises and creates a legal duty if the foreseeability and gravity of harm caused by a defendant's conduct outweighs the burdens placed on a defendant to engage in other conduct that would prevent such harm. *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn.1995) (citing Restatement (Second) of Torts § 291 (1964)). Whether a defendant owed or assumed a duty of care to a particular plaintiff is a question of law, which we review *de novo. Cullum*, 432 S.W.3d at 832-33; *Downs ex rel. Downs v. Bush,* 263 S.W.3d 812, 819-20 (Tenn. 2008); *Staples v. CBL & Assocs.,* 15 S.W.3d 83, 89 (Tenn. 2000). Here, Appellant argues that it owed no duty to K.G.R. as a matter of law.

As this Court discussed in the recent opinion of *Richardson v. Trenton Special School District*, W2015-01608-COA-R3-CV, 2016 WL 3595563 (Tenn. Ct. App. June 27, 2016), there is a question as to "whether foreseeability in negligence law is a question of duty, which is a matter of law; a question of breach, which is a mixed question of law and fact; or a question of proximate cause, which is a question of fact." *Id*. at *5 (citations omitted). In this case, the trial court did not indicate whether it was applying the foreseeability determination to the question of duty, breach, or causation. While the existence of Mother's letter to the school principal may bear on the question of foreseeability, as to the causation element of negligence, it may also bear on the question of whether UCSD owed a duty to K.G.R.. In other words, "[f]oreseeability is the test of negligence." *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 552 (Tenn.

2005)(quoting ***Linder Constr. Co.,*** 845 S.W.2d at 178); ***Hale,*** 166 S.W.3d at 717. Because foreseeability may bear on duty or causation, we begin our analysis with foreseeability as it relates to whether the alleged sexual assault is foreseeable so as to create a duty. If a duty is created, we will then address foreseeability as it bears on causation.

The Tennessee Supreme Court has previously addressed the relationship between duty and foreseeability. In order to determine whether a duty is owed in a particular circumstance, courts must first establish that the risk is foreseeable, and, if so, must then apply a balancing test based on principles of fairness to identify whether the risk was unreasonable. ***Giggers***, 277 S.W.3d at 365; ***Satterfield***, 266 S.W.3d at 366. That is, in consideration of, among other things, the presence or absence of prior similar incidents, and other circumstances, does the foreseeability of the harm outweigh the burden of the duty imposed? ***McClung v. Delta Square Ltd. Partnership***, 937 S.W.2d 891, 901 (Tenn. 1996). "A risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." ***Downs***, 263 S.W.3d at 820-21. As explained by the Tennessee Supreme Court:

> Although no duty will arise when a risk of injury is not generally foreseeable, foreseeability alone "is not, in and of itself, sufficient to create a duty." ***Satterfield***, 266 S.W.3d at 366. Rather, when a minimum threshold of foreseeability is established, courts must engage in "an analysis of the relevant public policy considerations," *id*. at 364-65, to determine whether a duty enforceable in tort must be imposed. While not exclusive, the factors are as follows:

> [T]he foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

***McCall***, 913 S.W.2d at 153; s*ee also* ***Burroughs v. Magee***, 118 S.W.3d 323, 329 (Tenn. 2003). The pertinent question is whether there was any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused the plaintiff's injuries. ***Church v. Charles Blalock & Sons, Inc.***, 492 S.W.3d 263, 272 (Tenn. Ct. App. 2015), *perm. app. denied* (Tenn. Feb. 18, 2016) (citing ***Eaton v. McLain****,* 891 S.W.2d 587, 594 (Tenn. 1994)). If

- 6 -

the injury that occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability. *Rice v. Sabir*, 979 S.W.2d 305, 309 (Tenn. 1998) (quoting *Linder Constr. Co.,* 845 S.W.2d at 178); *Church*, 492 S.W.3d at 272.

Although some jurisdictions maintain a standard that student misconduct is to be expected, Tennessee follows a "more conservative foreseeability approach that student misconduct is not to be anticipated absent proof of prior misconduct." *Mason ex rel. Mason v. Metro. Gov't of Nashville & Davidson Cty.*, 189 S.W.3d 217, 222-223 (Tenn. Ct. App. 2005) (citing *Kindred v. Board of Education of Memphis City Schools,* 946 S.W.2d 47 (Tenn. Ct. App. 1996); *Chudasama v. Metropolitan Government of Nashville and Davidson County,* 914 S.W.2d 922 (Tenn. Ct. App. 1995)). Society places a significant responsibility on school officials to provide a safe environment for our children. However, such a responsibility does not make our school officials insurers of the safety of its students. To the contrary, teachers and school districts are not expected to be insurers of the safety of students. *Mason*, 189 S.W.3d at 221 (citing *King by King v. Kartanson,* 720 S.W.2d 65, 68 (Tenn. Ct. App. 1986). Rather, the standard of care owed by teachers to their students has long been defined by the case of *Roberts v. Robertson Cty. Bd. of Educ.*, 692 S.W.2d 863 (Tenn. Ct. App. 1985). In *Roberts*, a high school student filed a complaint against the school board and his teacher for head injuries suffered in shop class. This Court explained that Tennessee does not impose on teachers, the "duty to anticipate or foresee the hundreds of unexpected student acts that occur daily in our public schools." *Id* at 872. However, "we have no hesitation in holding a teacher or local school system to the duty of safeguarding students while at school from reasonably foreseeable dangerous conditions including the dangerous acts of fellow students." *Id*. (citations omitted). Accordingly, we have repeatedly upheld the principle that "schools, teachers, and administrators have a duty to exercise ordinary care for the safety of their students." *Haney v. Bradley County Bd. of Educ.,* 160 S.W.3d 886, 897 (Tenn. Ct. App. 2004); *see also Rowland v. Metro. Gov't of Nashville*, No. M2012-00776-COA-R3CV, 2013 WL 784582, at *14 (Tenn. Ct. App. Feb. 28, 2013); *Lanier v. City of Dyersburg*, No. W2009-00162-COA-R3-CV, 2009 WL 4642601, at *5 (Tenn. Ct. App. Dec. 9, 2009).

The cases of *Roe v. Catholic Diocese of Memphis, Inc.*, 950 S.W.2d 27 (Tenn. Ct. App. 1996), and *Lanier,* 2009 WL 4642601 (Tenn. Ct. App.) are useful in analyzing the case at bar. In *Roe,* a four-year-old boy was sexually assaulted by another four-year-old boy while both children were unsupervised in the school bathroom. The trial court granted summary judgment in favor of the Catholic Diocese of Memphis, which ran the school, and the Roe plaintiffs appealed. The parents of the victim argued that pushing and shoving between two preschool age boys was foreseeable, and, therefore, the injury in that case was also foreseeable. *Id.* at 32. However, in that case we concluded that the severe and irreparable emotional and physical damage that results from a sexual assault are not the same injuries that result from a scuffle or pushing and shoving. *Id.* In

affirming the trial court's grant of summary judgment, this Court held that the incident was unforeseeable, thus negating the *prima facie* element of proximate causation necessary to establish school's liability. *Id*. at 28.

The *Lanier* case is even more factually similar to the instant case. In *Lanier*, an eleven-year-old, special education student sexually assaulted a thirteen-year-old, special education student in a school bathroom. *Id*. at *1. The City of Dyersburg presented the affidavits of several school officials; these affidavits indicated that the perpetrator's records, including a recent psychological evaluation, had been reviewed. However, none of the records indicated that the perpetrator demonstrated any physically or sexually aggressive tendencies prior to the incident. *Id*. at *5. In affirming the trial court, we held that summary judgment in favor of the City of Dyersburg was proper because the incident was unforeseeable, thus negating the *prima facie* element of causation.

Here, Mr. W. has been the resource officer at Union City Middle School and Union City High School since 1999. Both Mr. W. and Mr. M. testified that the sexual assault against K.G.R. was an isolated incident, and that nothing like it had ever occurred at Union City Middle School, either between these two students, or any other students. Mr. W. further testified that, when he interviewed K.G.R., he asked him two times whether anything like this had happened before, and K.G.R. said no. Furthermore, Mother testified that, to her knowledge, K.G.R. did not tell anyone about the abuse and that she was not aware that anyone at the school knew what had occurred until May 15, 2012, when K.G.R. told school officials. The record is void of any indication that anyone knew about a prior sexual assault against K.G.R. or any other student prior to May 15, 2012.

Brittany K., testified that neither K.G.R. nor Q.B. had ever exhibited any need for assistance or supervision in the bathroom. Robyn D. testified that she did not recall ever sending Q.B. to the principal's office prior to the May 15, 2012 incident. Here, as in *Roe* and *Lanier*, there is no indication that any sexual misconduct had occurred prior to the events giving rise to the lawsuit. In both *Roe* and *Lanier*, there was no indication that the school had any reason to foresee that the perpetrator was likely to engage in such behavior. Here, the same is true as the evidence provides no indication that Q.B. was likely to sexually assault K.G.R. or any other student.

Appellees argue that Mother's note to the principal demonstrates foreseeability of **this type of harm**. Mother's letter states that K.G.R. was being bullied and punched; however, there was no allegation or implication that K.G.R.. was being assaulted sexually or was the likely target of a sexual assault by Q.B. or any other student. While we concede that the foreseeability requirement is not so strict as to require the tortfeasor to foresee the exact manner in which the injury takes place, if the general manner in which the injury occurred could have been foreseen, or should have been foreseen through the exercise of reasonable diligence, the foreseeability requirement will be met. *Moore v.*

***Houston Cty. Bd. of Educ.***, 358 S.W.3d 612, 619 (Tenn. Ct. App. 2011); ***Lanier*** 2009 WL 4642601, at \*4; ***Mason***, 189 S.W.3d at 222 (citing ***McClenahan***, 806 S.W.2d at 775). Nonetheless, "the harm must be foreseeable from the vantage point available to the defendant at the time that the allegedly negligent conduct occurred." ***Crutchfield v. State***, No. M2015-01199-COA-R3-CV, 2016 WL 1601309, at \*7 (Tenn. Ct. App. Apr. 18, 2016) (citing ***Wingo v. Sumner County Board of Education***, No. 01A01-9411-CV-0051, 1995 WL 241327, at \*3 (Tenn. Ct. App. M.S. April 26, 1995)). Additionally, "the plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the defendant's power more probably than not would have prevented the injury." ***Rathnow v. Knox County***, 209 S.W.3d 629, 633-34 (Tenn. 2006)(citing ***Eaton v. McLain***, 891 S.W.2d 587, 594 (Tenn. 1994)). "It is often stated that hindsight is 20/20. However, school administrators do not have the benefit of hindsight when they make decisions about the children in their care. . . . the law defines negligence by the standard of foreseeability, not that of hindsight." ***Lanier***, 2009 WL 4642601 at \*6. Even giving every reasonable inference in favor of the Appellees, the record simply does not support a finding that a sexual assault against K.G.R. was foreseeable. Contrary to Mother's contention, her letter provided Appellant school district no notice that K.G.R. had been either the victim of a sexual assault at school, or was likely to be the victim of a sexual assault by Q.B. or any other student. A sexual assault is very different in nature than the bullying and other behavior complained of in her letter. Because the incident was not foreseeable, we conclude that Appellant did not have a duty to protect K.G.R. from this type of assault. Having determined that the prima facie element of duty is not met, we pretermit discussion of foreseeability as it bears on the element of causation.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order denying summary judgment in favor of Appellees and remand for entry of judgment in favor of Appellant and all further proceedings as may be necessary and consistent with this Opinion. Costs on the appeal are assessed against the Appellees, R.R. and J.R., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE